**William J. CATACOSINOS, Leon Meshel and Frank McMullan, Plaintiffs,**

v.

**APPLIED DIGITAL DATA SYSTEMS, INC., Defendant.**

**No. CV 84–2477.**

United States District Court, E.D. New York.

Sept. 6, 1984.

Shea & Gould, New York City, for plaintiffs.

Whitman & Ranson, New York City, for defendant.

WEXLER, District Judge.

This is an action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. Section 1001 et seq., in which plaintiffs and defendant dispute over the amount of benefits to which plaintiffs are entitled under the Supplemental Retirement Plan ("SRP") of their employer the defendant.

Defendant has moved to dismiss for lack of subject matter jurisdiction.

Defendant contends that the SRP is an "unfunded excess benefit plan" within the meaning of 29 U.S.C. Section 1002(36) and

is therefore exempt from ERISA coverage pursuant to 29 U.S.C. Section 1003(b)(5). Under 29 U.S.C. Section 1003(b): "The provisions of this subchapter shall not apply to any employer benefit plan if—... (5) such plan is an excess benefit plan (as defined in Section 1002(36) of this title) and is unfunded." Under 29 U.S.C. Section 1002(36): "[t]he term "excess benefit plan" means a plan maintained by an employer solely for the purpose of providing benefits for certain employees in excess of the limitations on contributions and benefits imposed by section 415 of Title 26 on plans to which that section applies, without regard to whether the plan is funded. To the extent that a separate part of a plan (as determined by the Secretary of Labor) maintained by an employer is maintained for such purpose, that part shall be treated as a separate plan which is an excess benefit plan." Under 26 U.S.C. Section 415 limitations are imposed upon the amounts of contributions and benefits for pension plans seeking to qualify for special tax treatment pursuant to 26 U.S.C. Section 501. In the instant case, the parties agree that the relevant limitation is that of 26 U.S.C. Section 415(b)(1): "[b]enefits with respect to a participant exceed the limitation of this subsection if, when expressed as an annual benefit ... such annual benefit is greater than the lesser of—(A) $90,-000, or (b) 100 percent of the participant's average compensation for his high 3 years."

In addition to the SRP, defendant maintains another pension plan for its employees, hereinafter referred to as the "basic plan". Plaintiffs participate in the basic plan as well as in the SRP. The basic plan qualifies for special tax treatment under 26 U.S.C. Section 501. Defendant's president has submitted an affidavit stating that the SRP was created "solely for the purpose of providing benefits to certain key management employees beyond the benefit limitations imposed by Section 415 of the Internal Revenue Code on qualified pension plans..." Affidavit of David Laws, Paragraph 7 (June 30, 1984). Defendant argues that, since the SRP is indisputably "unfunded" in the sense that payments under the SRP are made out of the general revenue of defendant and not out of a trust corpus, and since the SRP pays benefits in addition to those paid by the basic plan, the SRP is an "unfunded excess benefit plan" within the meaning of 29 U.S.C. Section 1002(36).

Examination of documents on file reveals that, in order to participate in the SRP, it is not necessary for an employee to receive the maximum benefits allowable under 26 U.S.C. Section 415(b)(1) from the basic plan. Indeed, plaintiffs themselves do not receive such maximum benefits from the basic plan. It therefore follows that the SRP does not exist *solely* to provide benefits for certain employees in excess of the limitations on contributions and benefits imposed by 26 U.S.C. Section 415. Some of the benefits paid out under the SRP could equally well have been paid out under the basic plan, without thereby causing the basic plan to lose its special tax status. Consequently, the SRP is not an "unfunded excess benefit plan" within the meaning of 29 U.S.C. Section 1002(36), and is not exempt from ERISA coverage pursuant to 29 U.S.C. Section 1003(b)(5). Consequently, this Court has jurisdiction over the subject matter of this action, and defendant's motion to dismiss should be denied.

Defendant's motion to dismiss is denied. SO ORDERED.