**Zen J. PETKUS, Plaintiff,**

v.

**CHICAGO RAWHIDE MANUFACTURING COMPANY, Defendant.**

**No. 90 C 05889.**

United States District Court,
N.D. Illinois, E.D.

April 15, 1991.

Robert E. Arroyo, John Allen Klages, Helen H. Morrison, Gregory K. Brown, Keck, Mahin & Cate, Chicago, Ill., for plaintiff.

Jack L. Block, Sachnoff & Weaver, Ltd., Chicago, Ill., Graeme W. Bush, C. Sanders McNew, Caplin & Drysdale, Chtd., Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The plaintiff, Zen Petkus, originally filed this action against the defendant in the Circuit Court of Cook County, Illinois (No. 90 CH 08568) claiming that he had been improperly denied certain pension benefits promised him under two pension plans maintained by the defendant, Chicago Rawhide Manufacturing Company ("CR"). CR subsequently removed Petkus' action to this Court claiming federal jurisdiction under the Employee Retirement Income Security Act ("ERISA"), 28 U.S.C. § 1441(a), on the ground that the plans are governed by ERISA. After removal, Petkus amended his complaint to delete allegations that CR had breached its Salaried Employees Pension Plan ("Qualified Plan"), a plan which the parties agree is subject to ERISA. Apparently, after further consideration, Petkus had determined that he possessed no conceivable basis for recovery under the Qualified Plan. CR does not dispute the bona fides of that determination.

As now pleaded, Petkus alleges that CR has breached only the Supplemental Executive Retirement Plan ("SERP"). CR has moved for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on the ground that Petkus possesses no ground for recovery according to the plain terms of the SERP. For the following reasons, however, we do not reach the merits of CR's motion and instead remand the case to state court.

█ Petkus, believing that the SERP is an unfunded "excess benefit plan" that is not governed by ERISA,[1] informed us at a status hearing that he was concerned that we no longer had subject matter jurisdiction over the amended complaint since it only involved a state law contract dispute between nondiverse parties. Petkus has indicated that he raised the issue of jurisdiction solely for the convenience of the parties and the Court (Petkus has not filed a motion to remand), in order to avoid a surprise remand by this Court or the Seventh Circuit after considerable time and money had been spent litigating in this forum; his only concern is that the case be decided by a court with proper jurisdiction over it. Petkus' concern is not without foundation, since a party "cannot create subject-matter jurisdiction—either by waiver, estoppel, or the filing of a lawsuit—over a non-Article III case." *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2012, 104 L.Ed.2d 593 (1989) (Stevens, J., dissenting).

CR, however, characterizing Petkus' action and argument as an attempt to defeat removal, maintains that a jurisdictional problem does not exist for two reasons. First, CR contends that Petkus' amendment did not remove the federal question from the complaint. Specifically, CR maintains that the SERP is not an excess benefit plan exempt from ERISA and therefore is subject to ERISA's jurisdictional provisions. Second, CR argues that a plaintiff cannot defeat removal of a case from state to federal court by amending the complaint

---

1. Under 29 U.S.C. § 1003(b): "The provisions of this subchapter shall not apply to any employer benefit plan if— ... (5) such plan is an excess benefit plan (as defined in Section 1002(36) of this title) and is unfunded."

to delete the federal question presented in the original pleading, and therefore jurisdiction is proper even in the absence of a federal question.

### A.

CR's first contention rests on ERISA's definition of what constitutes an exempt excess benefit plan:

> The term "excess benefit plan" means a plan maintained by an employer solely for the purpose of providing benefits for certain employees in excess of the limitations on benefits imposed by section 415 of Title 26 on plans to which the section applies, without regard to whether the plan is funded....

29 U.S.C. § 1002(36) (1988). Petkus, citing to Section 2.2(a) of the SERP, maintains that the SERP meets that definition by expressly providing that the sole purpose of the plan is to offer participants a retirement benefit in excess of the benefit provided under the Qualified Plan, as limited by Section 415 of the Internal Revenue Code ("Code"). CR takes issue with that assertion by pointing out that the SERP will supplement the retirement benefits so that the participant will receive

> The Actuarial Equivalent of the benefit that would be paid to the Participant under the Qualified Plan if the limitations of [Internal Revenue] Code Sections 415 and 401(a)(17) did not apply to such benefit.

See 26 U.S.C. §§ 415 and 401(a)(17) (1988). CR's point is appealing in its simplicity: Because the SERP provides for benefits in excess of both Code Section 401(a)(17) and Code Section 415, then it cannot be said to *solely* provide for benefits in excess of Code Section 415 limitations. CR therefore argues that the plan does not satisfy ERISA's definition of an excess benefit plan.

The application of the statute to the SERP, however, requires a closer analysis than CR's argument would suggest. As is often the case in statutory interpretation, words are not always what they seem, and in this case the significance of the word "solely" and what is meant by "in excess" of Code Section 415 limitations, must be considered in relevant context. To this end, we observe that the remaining portion of 29 U.S.C. Section 1002(36) further provides

> To the extent that a separable part of a plan (as determined by the Secretary of Labor) maintained by an employer is maintained for such a purpose, that part shall be treated as a separate plan which is an excess benefit plan.

This provision supports the Petkus' view that the "solely" language does not necessarily preclude a particular plan from being exempt simply because it makes provision for other benefits, even benefits that might otherwise and independently be subject to ERISA. That statute makes clear that a particular part of a plan may be read to "solely" provide for the excess benefits and meet the statutory definition.

■ In a footnote, however, CR discounts the significance of the separability provision on the ground that the Secretary of Labor has neither issued regulations, nor otherwise determined what is a "separable part of a plan." First of all, such footnote arguments are inappropriate and may be disregarded. If CR wanted to rely on this argument it should have raised it in the body of its brief. Moreover, CR has failed to identify any reason or authority to the effect that we, in the process of interpreting the scope of the statutory definition, must presume that all plans and all provisions of a plan are otherwise governed by ERISA until the Secretary of Labor has issued a regulation or made an individualized determination that the provisions are separable. CR has failed to indicate any administrative procedure that Petkus might have been required to follow in order to obtain a separability determination prior to bringing suit. Had there been such a procedure, perhaps a stay might have been warranted pending that determination. In the absence of such a procedure, and in light of the lack of a determination by the Secretary, we are left to discern the status of Petkus' claim with respect to the ERISA exemption. In making that determination, it is within our province to interpret what

was intended by the statutory language "solely" and "in excess," by reference to the other closely related provisions. The separability provision is one that is particularly relevant.

■ The concept of separability suggests to us that the exemption question is not so much one of form, but of function. The implicit purpose of the exemption is to exclude from federal jurisdiction cases that only involve claims under a pension plan for benefits that exceed the Section 415 limitations. Presumably, the provision for such benefits did not concern Congress to the degree that it felt that the special regulation and federal protections of ERISA would be needed. Therefore, the question that the exemption presents here is whether this case could result in a claim for benefits other than any benefits that may be paid in excess of the Section 415 limitations. *Cf. Catacosinos v. Applied Digital Systems, Inc.*, 592 F.Supp. 49 (E.D.N.Y. 1984) (supplemental plan did not exist "solely to provide benefits for certain employees in excess of [Section 415] limitations" where a claimant could receive benefits from the allegedly exempt plan before the maximum Section 415 limits had been paid out under a basic plan).

According to Petkus, his claim for entitlement to benefits under the SERP is governed only by the provision for benefits in excess of the Section 415 limitation. CR contends, however, that Petkus cannot demonstrate that any benefits to which he would become entitled were he to prevail are payable solely as benefits in excess of Section 415's limitation. Rising to the challenge, Petkus points out that according to CR's own calculations, Petkus' Qualified Plan benefit is limited solely by the $90,000 limitation of Code Section 415(b)(1)(A). The $200,000 compensation limitation of Code Section 401(a)(17) is apparently completely irrelevant both as to Petkus' status and to

the determination of Petkus' benefit under the Qualified Plan.[2] Thus, we see no basis for bringing Petkus' claim for benefits under the SERP within the ambit of ERISA.

## B.

Having determined that Petkus is not claiming ERISA-governed benefits, we next take up CR's second point that, notwithstanding Petkus' effective dismissal of any claim for benefits under the Qualified Plan, we may retain jurisdiction because the originally removed complaint presented a federal question. CR relies on *Hammond v. Terminal R.R. Ass'n*, 848 F.2d 95, 97 (7th Cir.1988), in which the Seventh Circuit held that if a state court "complaint states a claim that is removable ... removal is not defeated by the fact that, after the case is removed, the plaintiff files a new complaint, deleting the federal claim or stating a claim that is not removable." This is true even if the federal claim in the original state court complaint was frivolous. *Id.* at 98 (allegations of original complaint, though appearing to arise under the FELA, were "not even remotely sufficient to state a claim under the FELA").

■ While that holding justified a district court's jurisdictional authority to consider the merits of an amended complaint, *Hammond* does not compel the implicit result that CR seeks—namely, that we *must* retain jurisdiction. The decision in *Hammond* did not alter the discretionary power of district court judges to remand to state court any state law claims that might remain in a case after the claims giving rise to federal jurisdiction had been decided or dismissed. Indeed, the jurisdictional posture of this case actually mirrors that of *Hammond*. Just as the trial court in *Hammond* had the authority and proceeded to consider the merits as to whether or not the plaintiff stated a federal cause of action, so too have we exercised jurisdiction

**2.** We additionally observe that based on a cursory examination of the limitations provisions, it is not at all clear that for the purposes of satisfying the ERISA exemption, the Section 401(a)(17) limitation alters the operation of the SERP in such a manner that it effectively could provide for benefits that were not in excess of the Sec-

tion 415 limitation. However, since the parties have not fully detailed how the Code limitations apply to the SERP, we are unable to make a definite finding that benefits subject to the Section 401(a)(17) limitation will always be in excess of the Section 415 limitation.

to decide whether or not Petkus' amended complaint presents a federal issue. The scenarios differ only with respect to the next inquiry, which concerns the procedural outcome of the merits determination—a matter which *Hammond* did not have to address because the trial court properly dismissed the claim as failing to state a cause of action, leaving the court with no claim to be decided. Here, by contrast we have found that Petkus' claim presents a cause of action under state law, and thus we are left with a matter to be decided. CR has offered no reason why, having considered the federal issue—whether or not the complaint presents a federal claim—we should retain jurisdiction to ultimately decide a matter that is exclusively a state law concern. Accordingly, we find that a remand is warranted.

### Conclusion

Having found that Petkus' complaint does not present a federal claim under ERISA, we remand this case to the Circuit Court of Cook County, Illinois. CR's motion for a judgment on the pleadings is dismissed as moot. It is so ordered.