Lund and Claps v. Citizens, et al.    CV-97-183-M    03/05/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Richard Lund and John L. Claps

        v.                                    Civil No. 97-183-M

Citizens Financial Group, Inc. and
Citizens Bank New Hampshire

## O R D E R

Plaintiffs brought an action in state court to establish their rights to benefits under a Supplemental Executive Retirement Plan ("SERP") provided by their former employer, First New Hampshire Bank.  The suit was removed to this court by defendants, successors to First New Hampshire Bank.  Defendants have filed a motion to dismiss plaintiffs' state law claims, and their claim for breach of fiduciary duty, asserting federal preemption under the Employee Retirement Income Security Act ("ERISA").  In response, plaintiffs contend that the SERP is exempt from ERISA governance and move to remand the case to state court.  For the reasons that follow, each party's motion is denied without prejudice.

## Discussion

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In considering a motion to

dismiss, the court accepts all well-pleaded facts as true and resolves all reasonable inferences in favor of the nonmoving party. Washington Legal Found. v. Massachusetts Bar Found., 993 F.2d 962, 971 (1st Cir. 1993). Documents that are attached to a complaint may be considered as part of the pleadings in deciding a motion to dismiss. See Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993). "[I]f, under any theory, the allegations are sufficient to state a cause of action in accordance with the law, we must deny the motion to dismiss." Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st cir. 1994). In considering a motion to remand, the removing party bears the burden of showing federal jurisdiction. BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers, 132 F.3d 824, 830 (1st Cir. 1997).

In this case, resolution of the pending motions depends on interpretation of the SERP in light of the exemption statutes to determine whether the defendants' SERP is excluded from the broad applicability of ERISA to employee benefit plans. Plaintiffs contend that the SERP is not governed by ERISA due to the exemption for unfunded excess benefits plans found at 29 U.S.C.A. § 1003(b)(5) and § 1002(36). Defendants argue that the SERP is not exempt from ERISA coverage, but instead is a covered "top hat" plan, that is, a plan exempted only from ERISA's fiduciary requirements pursuant to 29 U.S.C.A. § 1101(a)(1). Otherwise, defendants assert that ERISA completely preempts plaintiffs' state law claims for benefits related to the SERP.

2

To be exempt from ERISA governance as an excess benefit plan, the plan must be unfunded and must meet the statutory definition of an excess benefit plan. 29 U.S.C.A. § 1003(b)(5). An excess benefit plan is defined, in pertinent part, as follows:

> a plan maintained by an employer solely for the purpose of providing benefits for certain employees in excees of the limitations on contributions and benefits imposed by section 415 of Title 26 . . . . To the extent that a separable part of a plan (as determined by the Secretary of Labor) maintained by an employer is maintained for such purpose, that part shall be treated as a separate plan which is an excess benefit plan.

29 U.S.C.A. § 1002(36). Section 415 imposes limits on benefits.[1] When the employer's plan expressly references section 415 and states that its sole purpose is to provide benefits in excess of the limitations set out in section 415, the plan, on its face, is exempt from ERISA requirements. See Gamble v. Group Hospitalization and Med. Serv., Inc., 38 F.3d 126, 129 (4th Cir. 1994). When, however, the plan is not plainly exempt on its face, it becomes necessary to examine its terms and operation to determine whether, in practice, — the plan is maintained "solely" to provide benefits in excess of those permitted in plans

---

[1] Section 415(b) provides the general limitation:

(b) Limitation for defined benefit plans.--

(1) In general.--Benefits with respect to a participant exceed the limitation of this subsection if, when expressed as an annual benefit (within the meaning of paragraph (2)), such annual benefit is greater than the lesser of--
(A) $90,000, or
(B) 100 percent of the participant's average compensation for his high 3 years.

3

qualified under section 415.  See, e.g., <u>Petkus v. Chicago Rawhide Mfg. Co.</u>, 763 F. Supp. 357 (N.D. Ill. 1991); <u>but see Northwestern Mut. Life v. Resolution Trust Corp.</u>, 848 F. Supp. 1515, 1519 (N.D. Ala. 1994).

The parties agree that the defendants' SERP is unfunded. The SERP's purpose is expressed in its preamble as follows:  "The <u>primary</u> objective of this non-qualified supplemental retirement plan is to provide those designated Executives a higher level of retirement benefits than otherwise permitted pension plans qualifed under Section 401(a) of the Internal Revenue Code of 1986, as amended."  (Emphasis added.)  Thus, the SERP's stated objective does not conclusively resolve whether it is maintained "<u>solely</u> for the purpose of providing benefits for certain employees in excess of the limitations on contributions and benefits imposed by <u>section 415</u> of Title 26" as required by section 1002(36).  (Emphasis added.)

"Solely," in the context of section 1002(36), is best understood to apply to the purpose of the benefit plan, rather than to an employer's particular intent in offering the plan to its employees.  Thus, to be exempt from ERISA governance, the SERP must provide benefits <u>only</u> in excess of those permitted under section 415 — that is, benefits that supplement the <u>maximum</u> benefits allowed under section 415.  If any benefits may be paid that are within the limitations of section 415, to that extent at least, the plan is governed by ERISA.  If the excess benefits part of the plan is not separable from the qualified benefits

4

part, the entire SERP is governed by ERISA. <u>See, e.g.</u>, <u>Farr v. U.S. West, Inc.</u>, 815 F. Supp. 1360, 1362-63 (D. Or. 1992), <u>rev'd on other grounds</u>, 58 F.3d 1361 (9th Cir. 1995).

In this case, the SERP specifically references section 401(a) of the Internal Revenue Code, rather than section 415. Section 401(a) includes, explicitly, limitations imposed under section 415, <u>see</u> section 401(a)(16), but also imposes other limitations, such as the compensation limitation found in section 401(a)(17). Because section 401(a) includes section 415 limitations, the additional limitations imposed by section 401(a) do not necessarily defeat the "solely" requirement of section 1002(36), so long as the plan does not offer and will not permit claims for benefits that do not exceed section 415 limits. <u>See Petkus</u>, 763 F. Supp. at 359 (considering only "whether this case could result in a claim for benefits other than any benefits that may be paid in excess of the Section 415 limitations."); <u>but see Gamble</u>, 38 F.3d at 129-31 (considering whether plan intended to provide benefits in excess of state and federal limitations in addition to section 415).

As discussed at the hearing, it remains unclear whether the SERP could provide benefits that are not in excess of the limits imposed by section 415. The SERP does not state, on its face, that a participant is entitled to a supplemental benefit only if the qualified benefit first meets the section 415 limits. Based on its own terms, therefore, the SERP does not preclude claims for qualified benefits, that is, those that are less than the

5

lesser of 100% of the employee's salary or $90,000. For example, if a participant's average salary at retirement was $80,000 and he or she was entitled to 50%, $40,000, as the qualified benefit, that qualified benefit would obviously be far less than the maximum allowable benefit under section 415. The SERP benefit would be $8,000 less social security. The combined benefit would be only $48,000, less social security, which is not in excess of the section 415 limitation. Thus, a claim by a SERP participant in the hypothetical case described would indeed be governed by ERISA. It would seem that to provide an excess SERP benefit, participants qualified under the SERP would have to have earned an average compensation greater than $150,000. Since the SERP is primarily intended to provide a higher level of retirement benefits than would be possible under the limitations imposed by section 401(a), it is intended to provide benefits to employees with annual compensation greater than $150,000. 26 U.S.C.A. § 401(a)(17)(A).

The complaint[2] does not contain specific financial allegations with respect to the individual qualified participants in the SERP, nor does it provide information about benefits to be paid under the qualified benefit plan. Unfortunately, the parties have not provided sufficient information to explain the

_____

[2] Although the SERP document appended to the complaint states that it is intended to be exempt from ERISA requirements and to be governed by New Hampshire law, the plan is only exempt if it meets the definition of an excess benefit plan under section 1002(36) notwithstanding desires or intentions expressed in the plan.

operation of the benefit program.  Because the SERP states that its "_primary_ objective" is to provide benefits in excess of section 401(a), but does not by its terms limit itself solely to providing excess benefits, it may be possible that a claim could arise under the SERP for benefits that are not in excess of those allowed under section 415.  Thus, it is not clear on this record or from counsel's argument that the SERP is an excess benefit plan, as defined by section 1002(36).

Therefore, on the record presented here, it cannot be determined conclusively whether plaintiffs' state law claims relate to an ERISA-governed plan and are therefore preempted by ERISA, the asserted basis for federal jurisdiction.  Defendants have not suggested any other basis for federal jurisdiction, and the allegations in plaintiffs' amended complaint seem to establish the absence of complete diversity of citizenship.  Thus, at this point, defendants have not carried their burden to show that federal subject matter jurisdiction exists.  See BIW Deceived, 132 F.3d at 830.

Ordinarily, it might be appropriate to remand the case at this point.  29 U.S.C.A.  1447(c); see Wilbert v. UNUM Life Ins. Co., 981 F. Supp. 61, 62 (D.R.I. 1997) ("A court should resolve any doubt in favor of remand, as the removal statute is to be narrowly interpreted.").  However, because the issue of ERISA preemption appears to be a legitimate issue, though it cannot be resolved on the present record, the more efficient course would be to allow the parties another opportunity to address the

7

question of federal subject matter jurisdiction as clarified in this order. Cf. Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1075 (7th Cir. 1992) ("Suits may be trapped in limbo between state and federal court, each denying its authority, or may shuttle back and forth as courts disagree about the proper characterization of the claim. Extended proceedings to determine *where* to litigate are seldom worth the cost but are inevitable under the current rules.").

## Conclusion

For the foregoing reasons, defendants' motion to dismiss (document no. 4) is denied without prejudice. Plaintiffs' motion to remand (document no. 7) is denied without prejudice. Both parties are invited to address the subject matter jurisdiction question that remains unresolved — i.e. whether the SERP at issue here is or is not exempt from ERISA governance. Perhaps counsel can resolve the matter between themselves based on the plan's operation, as discussed above, and stipulate to an appropriate resolution. If not, perhaps limited discovery and renewed, well-supported motions would be in order.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 5, 1998

cc: Hamilton R. Krans, Jr., Esq.
    E. Stephen Murray, Esq.
    Glenn M. Martin, Esq.

8