Billie HAMMOND, Plaintiff–Appellant,

v.

TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, a corporation, Defendant–Appellee.

No. 87–1040.

United States Court of Appeals, Seventh Circuit.

Submitted April 18, 1988.

Decided June 6, 1988.

Stephen M. Tillery, Kassly, Bone, Becker, Dix, Tillery & Regan, P.C., Belleville, Ill., for plaintiff-appellant.

Richard M. Roessler, Gundlach, Lee, Eggmann, Boyle & Roessler, Belleville, Ill., for defendant-appellee.

Before POSNER, EASTERBROOK and MANION, Circuit Judges.

POSNER, Circuit Judge.

The plaintiff, a railroad worker, originally filed this suit in state court. The suit alleged that the railroad, by charging the plaintiff—"inappropriately and for the purpose of causing harassment and emotional stress directed toward the plaintiff"— "with a violation of his job duties" and with "unnecessary delays in his job performance," had violated the Federal Employers Liability Act, 45 U.S.C. §§ 51–60. The railroad removed the case to federal district court on the ground that the suit was actually a "minor dispute" arising under the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.* The plaintiff then filed in the district court both a motion to remand the case to state court and an amended complaint. The complaint charged the railroad with unfairly criticizing the plaintiff's work, prosecuting unwarranted disciplinary charges against him, setting unrealistic work quotas and "wearing him out physically and mentally thereby," harassing him by "keeping an extraordinarily close watch on [his] work and following him from work assignment to work assignment," conducting disciplinary proceedings against him unfairly (as by tricking him into signing a waiver of his right to a formal investigation), and, by these tactics, deliberately inflicting emotional distress on him. The district court denied the plaintiff's motion to remand the case to the state court and then dismissed the plaintiff's suit on the ground that in minor disputes the exclusive remedy (with immaterial exceptions, see *Brotherhood of Railway, Airline & Steamship Clerks v. Atchison, Topeka & Santa Fe Ry.*, 847 F.2d 403, 408–412 (7th Cir.1988)) is arbitral.

While the plaintiff's appeal to this court from the dismissal of his suit was pending, the Supreme Court decided *Atchison, Topeka & Santa Fe Ry. v. Buell*, ⸺ U.S. ⸺, 107 S.Ct. 1410, 1416–17, 94 L.Ed. 2d 563 (1987), which holds that no part of the Federal Employers Liability Act was repealed by the Railway Labor Act. A suit that states a claim under the FELA therefore cannot be thrown out on the ground that it is really a minor dispute under the RLA. It can, of course, be thrown out on the ground that it does not state a claim under the FELA, and in *Lancaster v. Norfolk & Western Ry.*, 773 F.2d 807, 813 (7th Cir.1985), we held that "the FELA does not create a cause of action for tortious harms brought about by acts that lack any physical contact or threat of physical contact." Given *Lancaster*, the present suit, even as embroidered in the amended complaint, has no merit. But the anterior question is whether the suit was properly removed; for if not, the district judge had no authority to decide the case on the merits, his only choice being to remand the case to the

state court in which it had been filed originally.

Section 1445(a) of the Judicial Code provides that "a civil action in any State court against a railroad ... arising under" the FELA "may not be removed to any district court of the United States." Although the statute dates from a time when no one could have imagined that the FELA would be invoked in a case such as this, which involves a dispute over the terms of the collective bargaining agreement between the plaintiff's union and the railroad and is thus on a collision course with the Railway Labor Act's commitment to arbitral resolution of such disputes, we see no way around the stark imperative of section 1445(a) unless it is apparent from the pleadings that the suit arises under the Railway Labor Act rather than the FELA, so that in effect the complaint is mislabeled.

█ A claim does not arise under the FELA merely because the plaintiff names that statute in his complaint and omits (accidentally or by design) the claim's true source. If Billie Hammond thought he had been paid less by the railroad than he was entitled by the collective bargaining agreement to be paid, and sued the railroad in state court for the difference, he could not stay in state court merely by describing the suit as one to redress an "injury" that he had suffered while employed by the railroad and that had been caused by the "negligence" of the railroad's employees—the critical terms in the FELA. See 45 U.S.C. § 51. It would be a suit to enforce the collective bargaining agreement and would therefore arise under the Railway Labor Act and be removable to federal district court. *Andrews v. Louisiana & Nashville R.R.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed. 2d 95 (1972), illustrates the principle. A railroad worker brought a suit in state court for wrongful discharge under state law; but since the Railway Labor Act occupies the field of such disputes, the Court held that the case really arose under that Act and not under state law, and it could therefore be removed. Similarly, if the present suit really arises under the Rail-

way Labor Act and not the FELA, it is removable even though the plaintiff describes it as a suit to enforce the FELA. Compare *Yawn v. Southern Ry.*, 591 F.2d 312, 316–17 (5th Cir.1979), where the court concluded that the dispute was within the scope of the FELA and therefore (anticipating *Buell*) not a minor dispute within the meaning of the RLA, so that removal was held to be improper.

█ We think it evident that Mr. Hammond's claim does arise under the RLA rather than the FELA. This conclusion is independent of our holding in *Lancaster* that the FELA is limited to tortious conduct involving unwanted physical contact or threats of such conduct. The defendant's right to remove a case from state to federal court depends on the complaint filed by the plaintiff in state court. If that complaint states a claim that is removable, such as a claim under the Railway Labor Act, removal is not defeated by the fact that, after the case is removed, the plaintiff files a new complaint, deleting the federal claim or stating a claim that is not removable. *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir.1985); *Brown v. Eastern States Corp.*, 181 F.2d 26, 28–29 (4th Cir.1950); *Collins v. Dartmouth Plan, Inc.*, 646 F.Supp. 244 (D.Conn.1986); *Armstrong v. Monex International, Ltd.*, 413 F.Supp. 567, 569 (N.D.Ill.1976); see *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294–95, 58 S.Ct. 586, 592–93, 82 L.Ed. 845 (1938). For how could a case be thought "improvidently" removed, 28 U.S.C. § 1447(c), if at the time of removal the only pleading in the case stated a claim that was within the federal removal jurisdiction?

█ When the defendant removed this case to federal district court, the plaintiff's only pleading was the complaint he had filed in state court. That pleading complained only about the railway's having filed allegedly unmeritorious disciplinary charges; it was a pure breach of contract claim, like a claim of having been fired without just cause; and the contract is the collective bargaining agreement. If the original claim arose not under the FELA but under the RLA—as it surely did—the

district court could not be faulted for denying the motion to remand the case to state court.

The *amended* complaint, filed in the district court after the denial of the motion to remand, stated no claim under the FELA as interpreted in *Lancaster*, though it could not be thought frivolous, since the Ninth Circuit explicitly disagrees with *Lancaster* (see *Lewy v. Southern Pacific Transportation Co.*, 799 F.2d 1281, 1288 (9th Cir.1986) (citing cases)), the Fifth Circuit disagrees implicitly (see *Yawn v. Southern Ry.*, *supra*), and the Supreme Court reserved the issue in *Buell* (see 107 S.Ct. at 1417–18). We know of no case, however, where allegations of the sort found in Hammond's *original* complaint have been thought even remotely sufficient to state a claim under the FELA. *Buell*, for example, involved allegations of intimidation, which apparently included an actual assault. See 107 S.Ct. at 1412, 1418 n. 22. Even *Yawn*, which we criticized in *Lancaster*, and which goes farther in expanding the scope of the FELA than any other case we have found, involved a claim that the railroad had so overworked its employees as to create "unsafe working conditions." 591 F.2d at 317. While Hammond's amended complaint took the hint of *Yawn* and accused the railroad of having by its conduct "failed to provide the plaintiff with a reasonably safe place to work free of intentional supervisory harassment," there is no hint of such an accusation in the original complaint.

This suggests an independent ground for denying Hammond's motion to remand his case to state court: that his FELA claim (again we emphasize that we are speaking of the case as pleaded in the state court) was frivolous. Granted, a claim cannot be said *not* to arise under the FELA (or, equivalently, the Jones Act) merely because it is found in the end not to be a meritorious claim, see *Porter v. St. Louis–San Francisco Ry.*, 354 F.2d 840 (5th Cir.1966); *Chacon v. Atchison, Topeka & Santa Fe Ry.*, 320 F.2d 331 (10th Cir.1963), although there is at least superficially contrary authority, see *Addison v. Gulf Coast Contracting Services, Inc.*, 744 F.2d 494, 498–99 (5th Cir.1984); *Preston v.*

*Grant Advertising, Inc.*, 375 F.2d 439 (5th Cir.1967) (per curiam). But a frivolous claim does not invoke federal jurisdiction, see *Hagans v. Lavine*, 415 U.S. 528, 537, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276–77 (7th Cir.1988); *Cronson v. Clark*, 810 F.2d 662, 665 (7th Cir.1987), and neither should a frivolous invocation of the FELA bar removal. This may be all that *Addison* ("remand is not required where the complaint failed to allege sufficient facts to support a cause of action under the Jones Act," 744 F.2d at 498) and *Preston* are about.

Even more clearly than in *Andrews*, where the Supreme Court had to reverse one of its previous decisions in order to establish that the suit was based on the Railway Labor Act rather than (as the plaintiff had thought) on state law, Hammond's original claim was based on the collective bargaining agreement rather than on the tort principles embodied in the FELA. It therefore arises not under that statute but under the Railway Labor Act, and was removable to federal court. The amended complaint which Hammond then filed was not frivolous, but it was clearly barred by *Lancaster* and therefore properly dismissed.

AFFIRMED.