**James A. RAY, Plaintiff,**

v.

**CONSOLIDATED RAIL CORP. (a/k/a Conrail), Defendant.**

No. 89 C 3150.

United States District Court,
N.D. Illinois, E.D.

Sept. 28, 1989.

Bernard R. Nevoral, David L. Cwik, Bernard R. Nevoral & Assoc., Ltd., Chicago, Ill., for plaintiff.

Gerald L. Maatman, Jr., Baker & McKenzie, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

### I. INTRODUCTION

This action arises out of alleged harassment of plaintiff James Ray by an agent of defendant Consolidated Rail Corp. ("Conrail"). Conrail has filed a motion to dismiss which presents an issue concerning the scope of the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 ("FELA"), on which plaintiff purports to base his claim. For the reasons described below, the Court finds that the FELA does not encompass plaintiff's claim and grants Conrail's motion to dismiss.

### II. FACTS

The factual allegations of plaintiff's complaint, which the Court accepts as true for purposes of Conrail's motion, *see Marmon Group, Inc. v. Rexnord, Inc.*, 822 F.2d 31, 34 (7th Cir.1987), are brief enough to warrant quotation in their entirety:

> ... [D]efendant CONRAIL, through its officers, agents or employees, conducted the railroad business negligently and unlawfully and failed to provide plaintiff with a reasonably safe place to work, including, but not limited to, having fellow employees harass, threaten, and intimidate plaintiff and in particular district claims agent, Robert L. Huggins,

threatened, harassed, and intimidated plaintiff maliciously and oppressively, negligently and intentionally, in order to cause personal injury to plaintiff and to cause mental and emotional injury to plaintiff. All aforesaid acts or omissions were condoned or approved by the defendant, CONRAIL, and in whole or in part of said negligence and intentional torts, plaintiff was caused to suffer a mental and physical breakdown and other injuries.

... [A]s a result of the negligent and intentional acts or omissions of the defendant and its employees and/or agents, in whole or in part caused plaintiff to suffer severe personal injuries, severe mental and emotional injuries, causing plaintiff to incur medical and allied expenses and will in the future cause plaintiff to incur medical and allied expenses; has caused and will in the future cause the loss of earning capacity; has caused and will in the future cause pain and suffering on behalf of the plaintiff.

(Complaint ¶¶ 4–5.)

Significant for purposes of this opinion is that although plaintiff alleges both mental and physical injuries, he makes no allegation that the conduct which harmed him was physical in nature.

### III. ANALYSIS

Conrail argues that plaintiff's claim is outside the scope of the FELA because it does not allege that he suffered harm as a result of physical conduct. Conrail relies primarily on *Lancaster v. Norfolk and Western Railway Co.*, 773 F.2d 807 (7th Cir.1985), *cert. denied*, 480 U.S. 945, 107 S.Ct. 1602, 94 L.Ed.2d 788 (1987). In *Lancaster*, the court ruled that a tort which arose from both physical and non-physical conduct was within the scope of the FELA and that the resulting FELA action was not barred by the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.* ("RLA"). In doing so, the court stated that "the FELA does not create a cause of action for tortious harms brought about by acts that lack any physical contact or threat of physical contact." 773 F.2d at 813. Similarly, the court stated

that "the FELA does not reach torts which work their harm through nonphysical means," and that "a claim under the FELA ... means a claim for violation of one of the traditional 'physical' torts, such as assault, battery, and negligent infliction of personal injury." 773 F.2d at 815.

Subsequent to *Lancaster*, the Supreme Court ruled in *Atchison, Topeka and Santa Fe Railway Co. v. Buell*, 480 U.S. 557, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987), that an action otherwise arising under the FELA is not barred solely because it is also subject to arbitration under the RLA. The Supreme Court specifically left open the "question whether 'emotional injury' is cognizable under the FELA." 480 U.S. at 567–71, 107 S.Ct. at 1417.

The Seventh Circuit reaffirmed *Lancaster* in *Hammond v. Terminal Railroad Ass'n of St. Louis*, 848 F.2d 95 (7th Cir. 1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1170, 103 L.Ed.2d 229 (1989). In that case, plaintiff had filed an amended complaint charging the railroad with:

unfairly criticizing the plaintiff's work, prosecuting unwarranted disciplinary charges against him, setting unrealistic work quotas and "wearing him out physically and mentally thereby," harassing him by "keeping an extraordinarily close watch on [his] work and following him from work assignment to work assignment," conducting disciplinary proceedings against him unfairly (as by tricking him into signing a waiver of his right to a formal investigation), and, by these tactics, deliberately inflicting emotional distress on him.

848 F.2d at 96. The court stated:

[I]n *Lancaster v. Norfolk & Western Ry.*, 773 F.2d 807, 813 (7th Cir.1985), we held that "the FELA does not create a cause of action for tortious harms brought about by acts that lack any physical contact or threat of physical contact." Given *Lancaster*, the present suit, even as embroidered in the amended complaint, has no merit.

848 F.2d at 96. *See also Gillman v. Burlington Northern Railroad Co.*, 878 F.2d 1020, 1025 (7th Cir.1989) (Kanne, J., concur-

ring) ("no claim for negligent infliction of emotional distress exists under FELA").

Conrail argues that *Lancaster* and *Hammond* mandate dismissal of plaintiff's complaint for failure to allege that his injuries stemmed from physical conduct. Plaintiff essentially argues in response that *Lancaster* and *Hammond* are not controlling in light of *Buell* and in light of a variety of cases from other jurisdictions, citing, *inter alia, Hagerty v. L & L Marine Services, Inc.,* 788 F.2d 315 (5th Cir.1986); *Taylor v. Burlington Northern,* 787 F.2d 1309 (9th Cir.1986); *Amendola v. Kansas City Southern Ry.,* 699 F.Supp. 1401 (W.D.Mo. 1988); *Halko v. New Jersey Transit Rail Operations, Inc.,* 677 F.Supp. 135 (S.D.N. Y.1987); *Gaston v. Flowers Trans.,* 675 F.Supp. 1036 (E.D.La.1987), *aff'd,* 866 F.2d 816 (5th Cir.1989). Initially, the Court notes that it is bound to follow clear Seventh Circuit precedent, notwithstanding any contrary views which may be held by courts in other circuits. With respect to *Buell,* the Court rejects plaintiff's argument that the Supreme Court rejected the analysis set forth in *Lancaster.* The opinion in *Buell* is consistent with *Lancaster*'s holding with respect to the relationship between the FELA and the RLA, and, in any event, that relationship is immaterial to *Lancaster*'s holding that the FELA is limited to torts of a physical nature—a holding that *Buell* in no way affected. Furthermore, *Lancaster*'s holding was specifically reaffirmed in *Hammond* after the Supreme Court decided *Buell.* In light of *Lancaster* and *Hammond,* the vitality of which the Court has no reason to doubt, the Court agrees with Conrail that plaintiff fails to state a claim under the FELA.

### IV. CONCLUSION

Plaintiff's complaint is dismissed for failure to allege that his injury stemmed from physical conduct as required by the FELA. Because it is not clear from the complaint that no such allegation could be made within the strictures of Fed.R.Civ.P. 11, the dismissal is without prejudice. If an amended complaint is not filed by October 10, 1989, final judgment will be entered pursuant to Fed.R.Civ.P. 58.