not see the plaintiff until after the OTR struck him.

■ A claim of negligence requires that the actions of the defendant be the proximate cause of the injury. Proximate cause is cause which may be reasonably regarded as a direct, producing or efficient cause, or as entering into and forming a part of the direct, producing or efficient cause of the injury. *McConnell v. Pic–Walsh Freight Co.*, 432 S.W.2d 292, 297 (Mo.1968). Here, the carelessness of defendant's employee was the proximate cause of plaintiff's injury.

Plaintiff has established that defendant owed a duty to plaintiff to exercise reasonable care. Plaintiff has further established that defendant failed to exercise the ordinary degree of care when its employee, acting in the course of his employment, pushed an overloaded 1,800–pound cart without proper visibility. Finally, there is no doubt that the defendant's breach was the proximate cause of plaintiff's injuries. Thus, plaintiff has established a claim of negligence against defendant.

■ Missouri law applies the system of comparative negligence, apportioning damages between the parties who are at fault. *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983). Where there is evidence that the conduct of both parties combined or contributed to cause damage, the fact finder may compare the respective contributions toward such causation made by each party. *Allison v. Sverdrup & Parcel & Assoc., Inc.,* 738 S.W.2d 440, 451 (Mo. App.1987). Missouri has adopted the "pure" form of comparative fault. Under the "pure" form, a plaintiff's negligence that concurs with that of the defendant does not relieve the defendant from liability. It merely diminishes the amount of damages that plaintiff can recover. *Id.* The "pure" comparative fault system seeks to compensate an injured plaintiff so long as his portion of the combined negligence of the parties is less than 100%.

■ Plaintiff has established that the negligence of defendant's employee caused his injury. However, plaintiff substantially contributed by failing to keep a proper lookout. He stepped into the work area at the Bulk Mail Center without first looking to see what might be approaching him.

The Court finds that plaintiff has suffered damages in the amount of $41,159.53 which includes $20,000.00 to compensate for his disability, $10,000.00 for pain and suffering, $6,159.53 for his medical bills and $5,000.00 for his future medical bills.

■ In conclusion, the Court finds that the defendant, through David Gale, was 50 percent at fault and that the plaintiff, by his failure to look, was 50 percent at fault. The Court further finds that plaintiff is entitled to damages in the amount of $20,579.77. Judgment will be entered accordingly.

■

**C.W. FOX, Plaintiff,**

v.

**NORFOLK & WESTERN RAILWAY CO., Defendant.**

**No. 90–0129C(6).**

United States District Court, E.D. Missouri, E.D.

Jan. 23, 1991.

Dennis T. Rathmann, Stubbs, Abele & Rathmann, St. Louis, Mo., for plaintiff.

Frank N. Gundlach, Douglas Rush, Armstrong, Teasdale, Schafly, Davis & Dicus, St. Louis, Mo., for defendant.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on plaintiff's motion to remand and defendant's motion to dismiss plaintiff's complaint for failure to state a claim.

Plaintiff Carol W. Fox is an Illinois resident who has been employed by the defendant Norfolk & Western Railway Company (Norfolk & Western) for approximately twenty-three years. On November 12, 1989, Fox allegedly injured his back while throwing a switch in the North Yard of defendant's Decatur, Illinois terminal. He continued to work until November 28, 1989 but has not returned to work since that date.

On December 22, 1989 Fox filed a lawsuit in the Circuit Court of the City of St. Louis against Norfolk & Western seeking damages under the Federal Employers' Liability Act, 45 U.S.C. § 51 (FELA) for the back injury allegedly suffered on November 12, 1989. On December 29, 1989 plaintiff filed a second lawsuit in the Circuit Court of the City of St. Louis against Norfolk & Western. The complaint in the second lawsuit alleges that defendant and its agents have "harassed, intimidated and injured plaintiff since November 12, 1989," the date he sustained his alleged back injury. Complaint, ¶ 5. Plaintiff further contends that defendant violated the FELA by negligently failing to provide plaintiff with a reasonably safe place to work and by "[f]ailing to follow its own procedures and guidelines." Complaint, ¶ 6. Plaintiff alleges that as a result of defendant's action he suffered permanent physical, mental and emotional injury and harm, specifically: nervousness, anxiety, depression, sleeplessness, loss of appetite, hypertension, stomach problems and irritability.

Norfolk & Western removed the second lawsuit to federal district court on the ground that the complaint, although "couched in terms of a 'negligence' action under [FELA] is in reality a 'minor dispute'" within the meaning of the Railway Labor Act, 45 U.S.C. § 151 et seq. (RLA)

and subject to a mandatory arbitration requirement. Plaintiff then moved to remand the case to state court and defendant moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 1445(a), "a civil action in any State court against a railroad ... [arising under the FELA] may not be removed to any district court of the United States."

In *Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 564–66, 107 S.Ct. 1410, 1416–17, 94 L.Ed.2d 563 (1989), the Supreme Court held that the RLA did not implicitly preempt any portion of the FELA. Therefore, allegations which state a claim under the FELA may not be dismissed on the ground that they amount to a minor dispute under the RLA. *Buell*, 480 U.S. at 567, 107 S.Ct. at 1416–17; *Hammond v. Terminal R.R. Ass'n*, 848 F.2d 95, 96 (7th Cir.1988). Despite the prohibition on removal of FELA claims and the holding in *Buell*, defendant contends that this action was properly removed because plaintiff's invocation of the FELA is insufficient to disguise the claim's true identity as a minor dispute within the meaning of the Railway Labor Act, 45 U.S.C. § 151.

In support of this contention defendant cites *Hammond v. Terminal R.R. Ass'n*, 848 F.2d 95, 97 (7th Cir.1988) in which the Seventh Circuit Court of Appeals held that a claim does not arise under the FELA "merely because the plaintiff names that statute in his complaint and omits ... the claim's true source." The Seventh Circuit directed district courts to look beyond the facial allegations of the complaint to determine whether the plaintiff has alleged a claim for personal injury which is cognizable under the FELA or whether the claim more closely resembles a dispute over the terms of the collective bargaining agreement and is thus, in reality, a claim under the RLA. *Hammond*, 848 F.2d at 97.

However, application of the principles announced in *Hammond* to plaintiff's complaint does not lead to the conclusion that this action was properly removed. In this case the plaintiff seeks to recover for emotional distress and physical injury incurred as a result of defendant's alleged negligent failure to provide a safe working environment and to follow its own guidelines and procedures. These allegations bear a striking similarity to the allegations which were at issue in *Buell* and which the Supreme Court determined were not precluded by the RLA. *Buell*, 480 U.S. at 559, 564–66, 107 S.Ct. at 1412, 1415–16. In *Hammond* the plaintiff's complaint as filed in state court alleged only the filing of unmeritorious disciplinary charges. *Hammond*, 848 F.2d at 97. As such, it was "a pure breach of contract claim" and not within the scope of injuries cognizable under FELA. *Id.* The allegations raised in this case are clearly distinguishable from those in *Hammond*. In this case plaintiff alleges negligent failure to provide a safe work place, harassment and intimidation. These allegations sound in tort rather than contract and are therefore within the purview of injuries cognizable under the FELA.

On the basis of the foregoing, the Court concludes that plaintiff's claim arises under the FELA and is not a RLA claim in disguise. Because plaintiff's claim arises under the FELA, the disposition of plaintiff's motion to remand is controlled by 28 U.S.C. § 1445(a) which prohibits the removal of claims brought under the FELA.

Defendant also contends that plaintiff's complaint fails to state a claim for relief under the FELA, because plaintiff has not alleged several of the elements necessary to support a FELA claim for emotional distress. Having reviewed plaintiff's complaint and the pertinent case law, the Court finds that plaintiff has alleged the negligent infliction of emotional distress and physical harm resulting from the emotional distress. *See Amendola v. Kansas City Southern Ry. Co.*, 699 F.Supp. 1401, 1407–09. Therefore and in light of the Supreme Court's holding in *Buell*, the Court concludes plaintiff has, at the very least, alleged a nonfrivolous claim which arises under the FELA. *See Buell*, 480 U.S. at 568–69, 107 S.Ct. at 1417–18; *see also Hammond*, 848 F.2d at 96. Because FELA claims are not removable, this Court

is without authority otherwise to address the merits of plaintiff's claim or defendant's contention that plaintiff has not stated a FELA claim sufficient to withstand a motion to dismiss. Accordingly, defendant's motion to dismiss will be denied without prejudice to refiling upon remand.