**James A. RAY, Plaintiff–Appellant,**

v.

**CONSOLIDATED RAIL CORPORA-TION, a/k/a Conrail, Defendant–Appellee.**

No. 89–3420.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 24, 1990.

Decided July 22, 1991.

David L. Cwik, Bernard R. Nevoral, Nevoral & Associates, Chicago, Ill., for plaintiff-appellant.

Francis D. Morrissey, Gerald L. Maatman, Jr., John M. Murphy, Thomas F. Tobin, Baker & McKenzie, Chicago, Ill., for defendant-appellee.

Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.

KANNE, Circuit Judge.

James A. Ray seeks damages from his employer, Consolidated Rail Corporation ("Conrail"), under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51. Ray alleged in his complaint that his supervisor "threatened, harassed, and intimidated [him] maliciously and oppressively, negligently and intentionally in order to cause personal injury to [him] and to cause mental and emotional injury to [him]." As a result of these and other acts allegedly condoned by Conrail, Ray claims that he suffered a mental and physical breakdown and other injuries. In response to plaintiff's complaint, Conrail moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that a wholly mental injury is not compensable under the FELA, because it does not result from physical contact or threat of physical contact. The district court subsequently dismissed the complaint for failure to allege that the injury resulted from physical contact or threat of physical contact, 721 F.Supp. 1017; plaintiff now appeals that decision.

I.

In our review of the district court's decision to grant the motion to dismiss, we

accept all facts alleged in the complaint as true, and draw all inferences therefrom in favor of the appellant. *Yeksigian v. Nappi*, 900 F.2d 101, 102 (7th Cir.1990); *Gillman v. Burlington N. R.R. Co.*, 878 F.2d 1020, 1022 (7th Cir.1989). We will affirm the dismissal only if it is clear that relief cannot be granted under any set of facts alleged. *Yeksigian*, 900 F.2d at 102.

Whether recovery under the FELA requires proof of physical contact or the threat of physical contact already has been decided in the Seventh Circuit. *See Hammond v. Terminal R.R. Ass'n*, 848 F.2d 95 (7th Cir.1988), *cert. denied*, 489 U.S. 1032, 109 S.Ct. 1170, 103 L.Ed.2d 229 (1989); *Lancaster v. Norfolk & Western Ry. Co.*, 773 F.2d 807 (7th Cir.1985), *cert. denied*, 480 U.S. 945, 107 S.Ct. 1602, 94 L.Ed.2d 788 (1987); *see also Gillman*, 878 F.2d at 1025 (Kanne, J., concurring) (no claim for relief for negligent infliction of emotional distress exists under FELA). In 1985, we addressed this issue specifically and found "the FELA does not create a cause of action for tortious harms brought about by acts that lack any physical contact or threat of physical contact...." *Lancaster*, 773 F.2d at 813. Before the issue was presented again to this court, the Supreme Court in a 1987 case reserved the question of whether or not a plaintiff can recover for purely emotional injuries under FELA. *Atchison, Topeka & Santa Fe Co. v. Buell*, 480 U.S. 557, 569, 107 S.Ct. 1410, 1417, 94 L.Ed.2d 563 (1987) ("whether one can recover for emotional injury [under the FELA] *might* rest on a variety of subtle and intricate distinctions related to the nature of the injury and the character of the tortious activity") (emphasis added). In 1988, we considered the issue once again and found that plaintiff's complaint which alleged deliberate infliction of emotional distress had no merit when reviewed under the principles set forth in *Lancaster*, even in light of *Buell*. *See Hammond*, 848 F.2d at 98 (plaintiff's complaint, while not frivolous in view of *Buell*, was "clearly barred by *Lancaster*").

## II.

Appellants today urge us to reconsider our position in *Lancaster*, given the Su-

preme Court's guidance provided in *Buell*. However, when we considered *Hammond* in 1988, we also considered *Lancaster* in light of *Buell* and still found that an injury under FELA requires physical contact or the threat of physical contact. Appellants argue that *Hammond* is entirely distinguishable from *Lancaster, Buell* and the case before us today. We disagree. The precise question of whether the FELA permits recovery for damages where plaintiff does not allege physical contact or threat of physical contact was presented in all three cases and is presented again today. In *Buell* the Court declined to address the question; that the Supreme Court reserved the issue provides at best weak support for the change in our position that plaintiff seeks today. We remain unpersuaded that we must, in light of *Buell*, or other authorities outside this circuit, recognize emotional injury under FELA where there is no showing of physical contact or threat of physical contact.

## III.

We reiterate that the injury must result from physical contact or the threat of physical contact for the plaintiff to recover under the FELA. We therefore, AFFIRM the district court's decision to dismiss plaintiff's complaint.