ROBERT W. ZIMMERMAN, Plaintiff-Appellant, v. ILLINOIS CENTRAL GULF RAILROAD COMPANY, Defendant-Appellee.

First District (6th Division) No. 1—90—3539

Opinion filed October 18, 1991.

946

Motherway & Glenn, of Chicago (Nicholas J. Motherway, of counsel), for appellant.

Oppenheimer, Wolff & Donnelly and Lord, Bissell & Brook, both of Chicago (David C. Bohrer, Thomas J. Healey, Hugh C. Griffin, Sandra K. Macauley, and Peter R. Reilly, of AMTRAK, Gary L. Crosby, of Atchison, Topeka & Santa Fe R.R., Woodrow M. Cunningham, of Belt R.R. of Chicago, Kenneth J. Wysoglad, of Burlington Northern R.R. Company, James P. Daley, of Chicago & North Western Transportation Company, Michael J. Daley, of Chicago South Shore & South Bend R.R. Company, Lucy S.L. Amerman, of CONRAIL, Robert N. Gentile, of Elgin, Joliet & Eastern R.R., John A. Ponitz, of Grand Trunk Western R.R., and Roger Serpe, of Indiana Harbor Belt R.R. Company, of counsel), for appellee.

PRESIDING JUSTICE RAKOWSKI delivered the opinion of the court:

In this appeal we are asked to decide whether a negligently inflicted emotional injury is compensable pursuant to the Federal Employers' Liability Act, 45 U.S.C. §51 *et seq.* (1988) (FELA). The trial court held that it was not and entered summary judgment for defendant. We agree and therefore affirm.

Plaintiff was employed by the Illinois Central Gulf Railroad (IC) as a claim agent. It was his job to investigate and settle claims made against the IC by employees, passengers, motor vehicle drivers and trespassers. Defendant is a railroad corporation with its principal place of business in Illinois. On March 12, 1986, plaintiff was terminated from his position because, as defendant alleges, plaintiff was unable to resolve claims in a timely manner and was hostile to immediate supervisors. Five days later plaintiff filed a complaint seeking damages under FELA for psychic injury resulting from an increased workload and decrease in available staff and support.

Plaintiff's complaint specifically alleged that his job duties usually produced stress and anxiety but that commencing in February 1985, defendant further subjected him to an unwarranted and unmanageable workload and arbitrary and capricious orders which defendant knew or should have known would cause psychic injury. Plaintiff further alleged that defendant's conduct in negligently allowing plaintiff's work environment and job duties to become unreasonable and unmanageable was a violation of FELA.

At his deposition, plaintiff acknowledged that his claims against defendant did not include any physical contact, threat of physical con-

tact, harassment or verbal abuse such as insults or name calling. Following a hearing, Judge Thomas E. Hoffman granted defendant's motion finding that, absent any evidence of physical contact, threat of physical contact or outrageous conduct, plaintiff could not recover any damages under FELA.

■ Plaintiff contends that the trial court erred in granting defendant's motion for summary judgment because his emotional injury was compensable under FELA. FELA provides in part:

"Every common carrier by railroad while engaging in commerce *** shall be liable in damages to any person suffering injury while he is employed by such carrier *** for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." 45 U.S.C. §51 (1988).

■ The issue of whether plaintiff's injury is compensable under FELA involves the interpretation of a Federal statute. Rights created under this statute are governed by the decisions of Federal courts in order that the Act be given uniform application rather than be subject to the local rules of each State. *Bowman v. Illinois Central R.R. Co.* (1957), 11 Ill. 2d 186, 199-200, 142 N.E.2d 104, citing *Dice v. Akron, Canton & Youngstown R.R. Co.* (1952), 342 U.S. 359, 361, 96 L. Ed. 398, 403, 72 S. Ct. 312, 314.

■ While this issue is one of first impression for this court, it has been addressed by Federal courts in several jurisdictions, including the seventh circuit. Those courts have generally found that the negligent infliction of emotional distress was not compensable under FELA unless there was contemporaneous offensive physical contact or threat of physical harm. However, some jurisdictions, excluding the seventh circuit, have allowed recovery for an emotional injury where the infliction of emotional distress was intentional if the defendant's conduct was unconscionably or outrageously abusive. See *Adams v. CSX Transportation, Inc.* (6th Cir. 1990), 899 F.2d 536; *Netto v. Amtrak* (5th Cir. 1989), 863 F.2d 1210; *Kraus v. Consolidated R.R. Corp.* (E.D. Pa. 1989), 723 F. Supp. 1073; *Harris v. Norfolk & Western Ry. Co.* (W.D. Va. 1989), 720 F. Supp. 567.

The seventh circuit has consistently required a showing of offensive physical contact or threat of physical harm in order to allow recovery for emotional injury under FELA, whether the infliction of emotional distress is intentional or negligent. The issue was first addressed in *Lancaster v. Norfolk & Western Ry. Co.* (7th Cir. 1985), 773 F.2d 807. In

that case the court held that a railroad worker who became mentally ill had a valid claim under FELA where his illness was found to be related to a series of incidents in which he was subjected to offensive physical contact and the threat of physical harm by several supervisors. In *Hammond v. Terminal R.R. Association* (7th Cir. 1988), 848 F.2d 95, the issue was again considered in the context of whether plaintiff's complaint had properly been removed to Federal court. In its discussion of this issue, the *Hammond* court restated its holding in *Lancaster* that FELA was limited to tortious acts involving unwanted physical contact or threat of physical harm. (*Hammond*, 848 F.2d at 97.) The court then concluded that plaintiff's claims that the railway had inflicted emotional distress by filing unmeritorious disciplinary charges, setting unrealistic work quotas and too closely supervising his work was not within the scope of FELA pursuant to its holding in *Lancaster*. (*Hammond*, 848 F.2d at 98.) In *Ray v. Consolidated Rail Corp.* (7th Cir. 1991), 938 F.2d 704, the court recently upheld its position that there is no recovery for emotional injury under FELA without a showing of unwanted physical contact or the threat of physical harm. The sixth circuit has followed the approach of the seventh circuit that an emotional injury including an intentional infliction of emotional distress without unwanted physical contact was not compensable under FELA. See *Adkins v. Seaboard System R.R.* (6th Cir. 1987), 821 F.2d 340, 342.

In this case, the plaintiff seeks recovery under FELA for psychic injury allegedly resulting from an increased workload, decrease in staff and support as well as arbitrary and capricious orders which produced an unreasonable amount of stress in the work environment. Plaintiff concedes that the complained-of conduct only supports a claim for the negligent infliction of emotional distress. Plaintiff further acknowledges that the law of the seventh circuit is that the negligent infliction of emotional distress is not compensable under FELA without unwanted physical contact or threat of such contact but urges us to reject this authority and follow the authority which allows compensation under the facts of this case. However, contrary to plaintiff's arguments and the numerous cases cited, we find no persuasive authority which holds that the negligent infliction of emotional distress is recoverable under FELA absent offensive physical contact or harm.

Although plaintiff relies heavily upon *Atchison, Topeka & Santa Fe Ry. Co. v. Buell* (1987), 480 U.S. 557, 94 L. Ed. 2d 563, 107 S. Ct. 1410, and *Urie v. Thompson* (1949), 337 U.S. 163, 93 L. Ed. 1282, 69 S. Ct. 1018, neither case lends support to his argument. In *Urie* the plaintiff sued the the trustee, Thompson, and the Missouri Pacific Railroad for compensation under FELA. Plaintiff's complaint alleged that his con-

traction of silicosis after 30 years of employment as a fireman on steam locomotives arose from the continuous inhalation of silica dust that had been blown or sucked into the cabs of the locomotives on which he worked. Plaintiff claimed that the injurious concentration of silica dust was caused by the railroad's use of equipment which it knew or should have known could cause plaintiff's illness. (*Urie*, 337 U.S. at 166, 93 L. Ed. at 1290, 69 S. Ct. at 1023.) Plaintiff's claim was denied by the Missouri Supreme Court based on the ruling that only accidental injuries were compensable under FELA. (See *Urie*, 337 U.S. at 165, 93 L. Ed. at 1290, 69 S. Ct. at 1022.) The United States Supreme Court reversed, holding that injuries compensable under FELA included occupational diseases such as silicosis which developed as a result of the employee's on-going exposure to harmful working conditions due to the railroad's negligence. (*Urie*, 337 U.S. at 187, 93 L. Ed. at 1302, 69 S. Ct. at 1033.) The ruling in *Urie*, that a chronic physical illness was compensable under FELA, adds no support to plaintiff's argument. In *Buell*, the court refused to rule on the issue of whether an emotional illness was compensable and vacated in part the ruling of the lower court which had held that emotional injuries were within the scope of FELA. (See *Buell v. Atchison, Topeka & Santa Fe Ry. Co.* (9th Cir. 1985), 771 F.2d 1320.) Plaintiff also cites *Taylor v. Burlington Northern R.R. Co.* (9th Cir. 1985), 787 F.2d 1309. However, the court in *Taylor* relied upon that part of *Buell* which was later vacated by the Supreme Court. Additionally, the court stated that "it is not clear from the record before us that appellant presents no evidence of a physical touching or injury." (*Taylor*, 787 F.2d at 1313.) In fact, the plaintiff's foreman in *Taylor* had threatened him with a knife and had pulled and cut a portion of his beard. Thus *Taylor* provides little support to plaintiff's argument. In *Yawn v. Southern Ry. Co.* (5th Cir. 1979), 591 F.2d 312, the court also did not reach the issue of whether an emotional injury was compensable under FELA. Rather, the holding in *Yawn* was that the railroads failed to prove that employees' allegations of negligence and injury were so baseless as to constitute a fraudulent attempt to evade removal to Federal court. (*Yawn*, 591 F.2d at 317.) In addition, while the specific nature of the plaintiffs' injuries was not indicated, the *Yawn* court made several references to the plaintiffs' allegations of physical injury.

■ Plaintiff next urges us to follow Illinois common law regarding the Illinois Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*) (Act). Plaintiff cites *Board of Education v. Industrial Comm'n* (1989), 182 Ill. App. 3d 983, 538 N.E.2d 830, and *Chicago Board of Education v. Industrial Comm'n* (1988), 169 Ill. App. 3d 459, 523 N.E.2d 912, for the proposition that mental disorders are compensa-

ble under the Act if the injuries arise from a situation of greater dimension than the emotional strain and tension that employees usually experience. Plaintiff suggests that this higher threshold level of mental distress should be applied in FELA context. However, the Act is not analogous to FELA where it provides no-fault recovery as opposed to the proof of negligence standard of FELA. Furthermore, according to the cases cited, plaintiff would be less likely to recover under the Act than he would under FELA. In *Board of Education* (182 Ill. App. 3d 983, 538 N.E.2d 830), the plaintiff experienced a reoccurrence of his emotional illness after being slapped in the face by a student, and in *Chicago Board of Education* (169 Ill. App. 3d 459, 523 N.E.2d 912), the plaintiff suffered from emotional symptoms which interfered with his ability to resume his teaching position after he experienced numerous physical assaults from students. In both cases the plaintiff's emotional illness was not compensable under the Workers' Occupational Diseases Act (Ill. Rev. Stat. 1985, ch. 48, par. 172.36 *et seq.*). As such and because there is existing precedent which holds that the negligent infliction of emotional injury is not compensable under FELA, we decline to analogize FELA with the Workers' Compensation Act.

Finally, plaintiff alleges that even if this court concludes that emotional injuries are only compensable if they result in some physical manifestations or physical harm, his injuries would be recoverable where they resulted in such physical symptoms as diarrhea, impotence and tightness in his chest. However, the physical symptoms plaintiff describes are his individual internal responses to the anxiety he experienced as opposed to the occurrence of physical harm resulting from defendant's tortious activity. See *Holliday v. Consolidated Rail Corp.* (3d Cir. 1990), 914 F.2d 421, 425 (where the court found that the plaintiff's physical manifestations of his emotional distress had no bearing on the nature of the defendant's tortious activity).

For the foregoing reasons, we are unpersuaded by plaintiff's arguments or authority cited. We thus conclude that where a plaintiff alleges an emotional injury based on the negligent infliction of emotional distress, as is true in this case, the injury is not compensable under FELA. Accordingly, the order of the circuit court is affirmed.

Judgment affirmed.

EGAN and LaPORTA, JJ., concur.