Justice White,
with whom Justice Thomas joins,
dissenting.
*1049 These cases raise the issue whether the Federal Employers’ Liability Act (FELA), 35 Stat. 65, as amended, 45 U. S. C. §§ SI-GO, creates a cause of action for emotional injury brought about by acts that lack any physical contact or threat of physical contact. We had expressly reserved this question in Atchison, T & S. F. R. Co. v. Buell, 480 U. S. 557, 570-571 (1987). In both cases the Courts of Appeals held that FELA authorizes no such claim.
By contrast with the approach undertaken by the Courts of Appeals in these cases, the Court of Appeals for the Fifth Circuit has propounded a contrary rule. In Plaisance v. Texaco, Inc., 937 F. 2d 1004, 1009 (1991), after fully canvassing the decisions of the Courts of Appeals since Buell, the court stated: “We [are] persuaded that an emotional injury can be every bit as harmful, debilitating, and destructive of the quality of one’s life as a physical injury. We therefore hold that a claim for an emotional injury caused by emotional distress negligently inflicted, even without an accompanying physical injury or physical contact, is cognizable under the FELA.”
Because a uniform rule should be announced by this Court on this important and recurring issue, I would grant the petitions.