**PRATT, BRADFORD & TOBIN, P.C., Plaintiff,**

v.

**NORFOLK AND WESTERN RAILWAY COMPANY, Norfolk Southern Railway Company, and Norfolk Southern Corporation, Defendants.**

**No. 93–CV–801–WDS.**

United States District Court, S.D. Illinois.

March 29, 1994.

---

Gregory M. Tobin, Pratt, Bradford & Tobin, East Alton, IL, for plaintiff.

Kurt E. Reitz, Thomas W. Alvey, Jr., Thompson & Mitchell, Belleville, IL, James S. Whitehead, Sidley & Austin, Chicago, IL, for defendants.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court is plaintiff's motion to remand, and defendants' Fed.R.Civ.P. 12(b)(6) motion to dismiss.

Plaintiff is a law firm which represents defendants' employee Michael Bracelin in a Federal Employers' Liability Act (FELA) 45 U.S.C. § 51 *et seq.* action against defendants for injuries suffered on September 2, 1993. On September 13, 1993, defendants notified Bracelin of a disciplinary hearing to determine the facts surrounding his injury. At all times relevant to this action, Bracelin was a member of the Brotherhood of Maintenance of Way Employees (BMWE), and BMWE maintained a collective bargaining agreement with defendant Norfolk & Western. Rule 30 of the collective bargaining agreement provides that during a disciplinary investigation hearing, an employee may be represented by a "duly authorized representative," which is defined in the agreement, and does not allow privately retained attorneys. Plaintiff's complaint admits that the collective bargaining agreement does not permit attorneys to attend the hearing.

On November 3, 1993, plaintiff filed this action in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, requesting injunctive relief prohibiting defendants from holding the hearing, or indirectly questioning Bracelin about his injuries. The complaint alleges claims under § 10 of the FELA, 45 U.S.C. § 60, and an Illinois state law claim of tortious interference with contract. Plaintiff avers that permitting defendants to question Bracelin without plaintiff's advice would cause irreparable harm and

would result in a breach of plaintiff's duty of representation to Bracelin, which would possibly subject plaintiff to ethical and malpractice charges. Defendant removed the case to this Court, asserting diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331, in that plaintiff's claims are preempted by the Railway Labor Act (RLA), 45 U.S.C. § 151 *et seq.* Because plaintiff's motion to remand questions these bases of subject matter jurisdiction, the Court will first address plaintiff's motion.

## MOTION TO REMAND

### A. *Federal Question Jurisdiction*

■ The Court has previously remanded two cases which are almost identical to the matter currently before the Court. *Pratt and Callis v. Norfolk and W. Ry. Co. (Pratt I)*, No. 91–CV–819–WDS, and *Pratt, Bradford & Tobin v. Norfolk and W. Ry. Co. (Pratt II)*, No. 93–CV–596–WDS. Just as in the case before the Court, in *Pratt I* and *II*, plaintiff law firm requested the Court to enjoin defendants from holding a hearing concerning injuries for which an employee sought recovery in a FELA action against defendants. In all three cases, defendants have argued that the Court possesses diversity jurisdiction and federal question jurisdiction, in that the RLA, 45 U.S.C. § 153(1)(c), preempts plaintiff's artfully pleaded complaint. Under § 153(1)(c), the RLA preempts "disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation" of collective bargaining agreements. The January 4, 1994 Order remanding *Pratt II* employed a literal reading of § 153(1)(c) to conclude that because plaintiff is not an "employee" or "group of employees" as required by § 153(1)(c), preemption did not apply. Since the January 4 Order, defendants have directed the Court to persuasive precedent holding that the RLA preempts a dispute involving interpretation of a collective bargaining agreement where one party is not an employee or carrier. Thus, the fact that plaintiff is not an employee is not a basis to rule against preemption.

■ However, the RLA preempts only if the dispute arises out of the interpretation of a collective bargaining agreement. *See Atchison, Topeka and Santa Fe Ry. Co. v. Buell*, 480 U.S. 557, 562–63, 107 S.Ct. 1410, 1414, 94 L.Ed.2d 563 (1987); *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). (*Lingle* addressed § 301 of the Labor–Management Relations Act, but is instructive on preemption by federal labor laws). Plaintiff contends that non-removable FELA and tortious interference with contract claims which do not require interpreting the agreement were properly presented to the state court under the well-pleaded complaint rule. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). Defendants assert that because the hearing is governed by terms of the agreement, the RLA must preempt, and plaintiff's claims fall within the "complete preemption" exception to the well-pleaded complaint rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Thus, the Court must determine whether plaintiff's claims require interpretation of the collective bargaining agreement.

Plaintiff's complaint admits that the collective bargaining agreement allows Bracelin to attend the hearing with a union representative, but not his attorney. (Complaint, ¶ 8). Plaintiff does not argue that the collective bargaining agreement confers a right to have attorneys present during company hearings. Notably, the parties agree as to the meaning and interpretation of the collective bargaining agreement. Plaintiff asserts that enforcement of the agreement violates the FELA, 45 U.S.C. § 60, and constitutes a tortious interference with contract. Section 60 provides criminal penalties against persons who impede the flow of information concerning a FELA injury claim, and the crucial element of a tortious interference with contract claim is that plaintiff must prove that the agreement's prohibition on attorneys is unjustified. *HPI Health Care Services v. Mt. Vernon Hosp.*, 131 Ill.2d 145, 137 Ill.Dec. 19, 23–24, 545 N.E.2d 672, 676–77 (1989). These claims do not require interpretation of the collective bargaining agreement, therefore the RLA does not preempt.

The Court expresses no opinion as to the validity of plaintiff's claims.

### B. *Diversity Jurisdiction*

■ Defendants also argue that removal was proper because the Court possesses diversity jurisdiction over the parties. The Court rejected an identical argument in *Pratt II*. Plaintiff alleged a FELA claim in its state court complaint, and 28 U.S.C. § 1445(a) prohibits removal of FELA actions filed in state court. However, a claim does not "arise under" the FELA for purposes of the § 1445(a) bar to removal merely because a plaintiff names that statute in the complaint. *Hammond v. Terminal R.R. Ass'n of St. Louis*, 848 F.2d 95, 97 (7th Cir.1988), *cert. denied*, 489 U.S. 1032, 109 S.Ct. 1170, 103 L.Ed.2d 229 (1989). As the *Hammond* court noted, "a frivolous claim does not invoke federal jurisdiction, and neither should a frivolous invocation of the FELA bar removal." *Id.* at 98 (citations omitted). Defendants contend that plaintiff's FELA claim is patently frivolous, and therefore cannot bar removal where diversity jurisdiction otherwise exists. In its motion to dismiss, defendants offer several convincing arguments that plaintiff's FELA claim is frivolous, and plaintiff did not respond to this motion. Assuming that defendants have demonstrated that plaintiff's FELA claim is frivolous, however, Norfolk & Western must still establish the Court's diversity jurisdiction. *Id.*

■ Because plaintiff is a corporate citizen of Illinois, and defendants are corporate citizens of Virginia for the purposes of 28 U.S.C. § 1332, the diversity jurisdiction issue turns on the $50,000 amount in controversy requirement. Plaintiff argues that the amount in controversy requirement cannot be satisfied because the complaint requests only injunctive relief, but this argument is absolutely wrong. Although plaintiff has not contested defendants' allegations of jurisdictional facts, the Court "may demand that the party alleging jurisdiction [defendants] justify [their] allegations by a preponderance of evidence." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367 n. 2 (7th Cir.1993), *quoting McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). The preponderance of the evidence or reasonable probability standard applied to a removing defendant is more exacting than the standard applied to a plaintiff asserting diversity jurisdiction. *Shaw*, 994 F.2d at 367 n. 2., *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

■ Where an action seeks injunctive or declaratory relief, the amount in controversy for such a request for relief is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977). Under the "either viewpoint rule," the Court can measure the value or amount in controversy of the injunctive relief requested from the perspective of either party, plaintiff or defendants. *McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 393–95 (7th Cir.1979). In determining the amount in controversy, the Court must consider only "the pecuniary result to either party which the judgment would *directly produce*," *id.* at 393 (emphasis added), not indirect or speculative results of the judgment. Defendants offer several arguments in support of satisfaction of the amount in controversy. Before considering these arguments, it is imperative to remember that the Court must consider only direct pecuniary consequences of the grant or denial of an injunction prohibiting defendants from conducting the hearing. *Id.*

■ Defendants first argue that the amount in controversy is satisfied because the value of Bracelin's claim exceeds $50,000. The Court does not dispute the fact that Bracelin's claim may exceed $50,000. However, this request for injunctive relief will not decide Bracelin's claim, and will not "directly produce" a "pecuniary result to either party" by providing a resolution of Bracelin's claim. *Id.* The fact that Bracelin's claim may exceed $50,000 does not satisfy the amount in controversy requirement in this case.

■ Defendants also contend that the amount in controversy is satisfied because if the injunction is entered, its ability to investigate all accidents will be impaired, possibly resulting in other losses to the companies. Once again, any impairment of defendants' right to investigate other accidents is not a pecuniary result directly produced by this

lawsuit, and therefore the Court cannot consider this factor in determining the amount in controversy. Moreover, defendant's argument is purely speculative. *Id.*

Invoking the either viewpoint rule, defendants next argue that the amount in controversy is satisfied because, as plaintiff has pleaded in its complaint, plaintiff could face malpractice charges by failing to represent Bracelin at the hearing. *Id.* Malpractice actions require a trial-within-a-trial, requiring the malpractice victim to show the validity of his claim, the attorney's negligence, and that the attorney's negligence caused the loss. *Sheppard v. Krol,* 218 Ill. App.3d 254, 161 Ill.Dec. 85, 578 N.E.2d 212 (1991). As stated earlier, this request for injunctive relief does not decide Bracelin's FELA claim, so any damages resulting from a malpractice claim, assuming Bracelin could prove the validity of this claim, would be only the diminution in value of his claim caused by attending the informal hearing without an attorney. Defendants also contend that the request for injunctive relief can be valued at over $50,000 because of the possibility of attorney's fees expended in defending a potential malpractice action. The Court concludes that the malpractice arguments in support of the amount in controversy, while inventive, are speculative, and do not support the allegations of jurisdiction by a preponderance of the evidence. *Shaw,* 994 F.2d at 367 n. 2. While Bracelin's FELA claim may satisfy the amount in controversy requirement, the ultimate success or failure of that claim does not hinge upon plaintiff's request for injunctive relief. For the reasons stated above, defendants have failed to demonstrate that the amount in controversy requirement has been satisfied, and therefore diversity jurisdiction does not exist. The Court finds that it lacks subject matter jurisdiction.

Accordingly, the Court **GRANTS** plaintiff's motion to remand, and this cause is **REMANDED** to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**