Charles W. DUFFEL, Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, Defendant.

No. 4:95CV2098 JCH.

United States District Court,
E.D. Missouri,
Eastern Division.

Dec. 21, 1995.

Gail G. Renshaw, Stephen Stephenson, Lakin Law Firm, Wood River, IL, Godfrey P. Padberg, Padberg and McSweeney, St. Louis, MO, Robert H. Gregory, L. Thomas Lakin, Lakin Law Firm, St. Louis, MO, for plaintiff.

Stephen M. Buckley, St. Louis, MO, for defendant.

## MEMORANDUM AND ORDER

HAMILTON, Chief Judge.

This matter is before the Court on Plaintiff's Motion to Remand. Plaintiff initially filed this suit in the Circuit Court of the City of St. Louis, Missouri on August 15, 1994, claiming violations of the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51 *et seq.* and the Federal Safety Appliance Act, 42 U.S.C. § 1 *et seq.* Defendant removed the action to this Court on November 3, 1995, pursuant to 28 U.S.C. § 1441, asserting that the Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a). Defendant asserts that this case became removable on October 13, 1995, when the circuit judge granted Plaintiff's Verified Motion for Protective Order enjoining Defendant from conducting an investigative hearing into plaintiff's "fitness for duty."

Plaintiff was a brakeman for Defendant and alleges he was injured on October 28, 1993, while uncoupling cars for Defendant, when he pulled a pinlifter rod on one of Defendant's cars and it detached. Plaintiff claims that Defendant's negligence caused the pin to come loose, which in turn caused Plaintiff to suffer severe lower back injuries. Plaintiff further alleges that his injuries disabled him, and he was eventually adjudicated disabled by the United States Railroad Retirement Board with March 15, 1995 being the date of the onset of disability.

On April 25, 1995, eight months after Plaintiff filed this suit, Defendant sent Plaintiff a letter stating that they were concerned that he was not working and that "in order to authorize [Plaintiff's] continued absence from work, and in accordance with applicable rules [etc., Defendant needed] to determine [Plaintiff's] fitness for duty." Defendant also directed Plaintiff to have his doctor complete a Form 16976 and return it to their office. Plaintiff failed to return Form 16976 to Defendant on time. Defendant later sent Plaintiff a Notice of Formal Investigation requiring Plaintiff to report to Defendant's offices "to develop the facts and place responsibility" for Plaintiff's "failure to comply with ... instructions" sent to him in the April 25, 1995 letter.

Defendant claims that requiring its employees to document their absence from work and their fitness to perform their duties has been its policy for many years and that failure to comply with that policy is a violation of company rules subject to discipline. Defendant then alleges that any disciplinary action taken against Plaintiff is pursuant to the Collective Bargaining Agreement with Plaintiff's union. Defendant further states that if Plaintiff is disciplined he has a right to file his grievance pursuant to the provisions of the Railway Labor Act (RLA), 45 U.S.C. § 151 *et seq.* Defendant then asserts that holding a formal investigation is a disciplinary action pursuant to the Collective Bargaining Agreement and that Plaintiff's Motion for Protective Order required the Circuit Court to interpret or apply the Collective Bargaining Agreement, bringing the case within the RLA.

Plaintiff claims he filed the motion because Defendant sought to engage in extra-judicial discovery by forcing Plaintiff to testify for a formal investigation about the cause of his absence from work. At the same time, the lawsuit to determine Defendant's liability for Plaintiff's disability was ongoing. In his Motion for Protective Order Plaintiff alleged that Defendant had been provided with a medical authorization allowing Defendant access to Plaintiff's medical records, that Defendant knew Plaintiff was disabled from working, and that Defendant's direct contact with Plaintiff and scheduling of the investigation were part of a pattern of harassment for Plaintiff's filing an FELA claim. Plaintiff further claimed that because the Railroad Retirement Board has declared Plaintiff medically disabled, Defendant's notice of investigation is an attempt to obtain discovery through extrajudicial methods and that the Public Law Board has declared that Defendant has no right to order its employees who receive a regular annuity from the Railroad Retirement Board to undergo physical examinations.

The Circuit Court granted Plaintiff's Motion for a Protective Order but required Plaintiff to complete the Form 16976. Defendant then removed the suit to this Court stating that the Protective Order brought the

lawsuit within the purview of the Railway Labor Act (RLA), 45 U.S.C. § 153.

■ Defendant asserts that under 28 U.S.C. § 1446(b) if a case is not originally removable, a party has thirty days to file a Notice of Removal after receiving a copy of an amended pleading, motion, order, or other paper that first makes the case removable. Defendant argues that the Protective Order created a claim under the RLA, because Plaintiff's motion arose out of the interpretation or application of agreements between his employer and union concerning rates of pay, rules, or working conditions. This Court does not agree.

■ "For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1982) (emphasis in original). In order to be removable, the case must be one that originally could have been filed in federal court.[1] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987). "Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Plaintiff, as the master of the claim, may avoid a federal forum by relying on state law. *Id.* "[A] *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a [non-removable] claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Id.* at 399, 107 S.Ct. at 2433 (emphasis in original).

■ *Atchison, Topeka & Santa Fe Railway v. Buell* "holds that no part of the

Federal Employers Liability Act was repealed by the Railway Labor Act. A suit that states a claim under the FELA therefore cannot be thrown out on the ground that it is really a minor dispute under the RLA." *Hammond v. Terminal RR Assoc. of St. Louis*, 848 F.2d 95, 96 (7th Cir.1988); *Fox v. Norfolk & Western Ry. Co.*, 755 F.Supp. 265, 267 (E.D.Mo.1991).

Plaintiff's complaint states a claim of negligence resulting in physical injury, which falls into the clear boundaries of the FELA. Nothing in Plaintiff's complaint alleges a dispute under the collective bargaining agreement. Plaintiff claims that Defendant caused his back injuries. It is only after Plaintiff filed his Motion for Protective Order that Defendant argues his suit comes within the purview of the RLA. Defendant does not argue that anything within Plaintiff's complaint alleges a removable claim, only that the dispute covered by the Circuit Court's Protective Order is one that should be determined by the terms and conditions of the collective bargaining agreement.

Plaintiff filed his Motion for Protective Order to obtain relief from extrajudicial and unofficial discovery methods attempted by Defendant during the pendency of an FELA lawsuit concerning Plaintiff's injuries. Defendant's notices of investigation and assertions that it was following the policies set out in the Collective Bargaining Agreement are the only ties to that agreement and the RLA. This case does not require the Court to interpret or apply the Collective Bargaining Agreement but rather to determine Defendant's negligence or lack of negligence in causing Plaintiff's injuries. Plaintiff's legal claims clearly arise under the FELA and not the RLA. Defendant has made no showing that the Complaint states facts actionable under the RLA.

■ The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809, 814 (8th Cir.1969); *Bergstrom v. Burlington Northern Railroad Co.*, 895 F.Supp. 257,

---

**1.** Although FELA claims can be filed in federal court, they cannot be removed to federal court. 28 U.S.C. § 1445(a). Therefore this Court treats this FELA action as if there were no original federal question jurisdiction for purposes of removal.

258–59 (D.N.D.1995). Defendant has not met that burden.

According to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Because it appears that this Court lacks jurisdiction, the Court will remand this case to the Circuit Court for the City of St. Louis, Missouri pursuant to 28 U.S.C. § 1447(c).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [docket # 6] is **GRANTED.**