**Jerald H. MILLER, Plaintiff-Appellant,**

v.

**UNITED STATES POSTAL SERVICE,
et al., Defendants-Appellees.**

No. 86–1182
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 21, 1987.

Jerald H. Miller, pro se.

Marvin Collins, U.S. Atty., R. Wayne Hughes, Asst. U.S. Atty., Fort Worth, Tex., James A. Friedman, Washington, D.C., for defendants-appellees.

Before REAVLEY, RANDALL and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this handicap discrimination action filed pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, 794a, the appellant, Jerald H. Miller, argues that the district court incorrectly dismissed his complaint on the basis of *res judicata*. We affirm.

## I

This is Miller's third lawsuit challenging his dismissal from employment by the United States Postal Service ("the Service"). His two previous actions based, inter alia, on discrimination in violation of Title VII of the Civil Rights Act of 1964, and on a violation of 5 U.S.C. § 8151 ("the restoration claim")[1] were remanded by this court with instructions to consolidate the cases for trial. *Miller v. United States Postal Service*, 729 F.2d 1033 (5th Cir.1984).

On remand, the district court granted summary judgment to the Service on Miller's restoration claim. The court ruled that Miller's Title VII sex discrimination claim would go to trial. On the defendant's motion to reconsider, however, the court granted summary judgment for the Service on the ground that Miller failed to file his Equal Employment Opportunity administrative claim within the statutory limitation period of 29 C.F.R. § 1613.-214(a)(1)(i). On March 4, 1986, this court affirmed both of the district court's orders.

On October 1, 1985, Miller filed this action, alleging that the Service discharged him as a result of handicap discrimination. The district court first dismissed the complaint as untimely, 42 U.S.C. § 2000e–16(c), but on Miller's motion for reconsideration, withdrew its previous order. Nevertheless, the district court dismissed Miller's handicap discrimination action on the ground of *res judicata*. The district court held that the handicap action should have been raised in Miller's sex discrimination lawsuit, which involved the same removal from employment. Miller appealed, and the district court granted his request to proceed in forma pauperis.

## II

Miller's argument on appeal is twofold. First, Miller argues that the district court erroneously applied the doctrine of *res judicata* to his handicap discrimination claim. Second, Miller contends that he was precluded from raising the handicap discrimination claim in his previous action because he had not yet exhausted his administrative remedies. We reject both arguments.

For a prior judgment to bar an action on the basis of *res judicata*, the par-

---

[1] Section 8151 provides that a civil service employee who resumes employment with the government shall be credited for the time during which he was receiving disability compensation. An employee who has been absent for less than one year has the right to resume "his former or an equivalent position."

ties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits, and the same cause of action must be involved in both cases. *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 559 (5th Cir.1983) (en banc). Miller challenges only the last prong of this test, contending that his sex and handicap discrimination suits constituted two separate causes of action. However, as this court explained en banc in *Nilsen:*

> [I]t is black-letter law that *res judicata* ... bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication, ... not merely those that were adjudicated. And it is equally settled that one who has a choice of more than one remedy for a given wrong, ... may not assert them serially, in successive actions, but must advance all at once on pain of bar.

701 F.2d at 560 (footnotes omitted) (emphasis in original).

 Miller's handicap discrimination suit involved the same parties and sought to remedy the same wrong (his alleged discriminatory dismissal) as his earlier sex discrimination action. Moreover, Miller's handicap discrimination action filed under the Rehabilitation Act of 1973, presents a claim that is governed by the same "remedies, procedures and rights" as Title VII, 42 U.S.C. § 2000e–16, the statute upon which Miller predicated his sex discrimination action. The issue in this action should have been raised and resolved in his earlier lawsuit, and it is clear that the district court correctly ruled that this action is barred by the doctrine of *res judicata.*

Second, Miller contends that he had not exhausted his administrative remedies with respect to the handicap discrimination claim and was therefore unable to include this action in his earlier lawsuit. We believe, however, that Miller has misinterpreted the Title VII provision that governs exhaustion of Rehabilitation Act claims. Under 42 U.S.C. § 2000e–16(c), complete exhaustion of the administrative process is not required if, before filing suit, at least 180 days have passed since the initiation of the administrative process. Miller's formal handicap discrimination complaint was filed on November 17, 1978, and he filed his sex discrimination action in December 1982, more than four years after the initiation of his administrative claim. We hold therefore that the exhaustion requirement did not preclude Miller from raising his handicap discrimination claim in the first lawsuit and that the district court correctly dismissed this action on the basis of *res judicata.* Accordingly, the district court is

AFFIRMED.