**Donald A. BASSETT, Jr., Plaintiff,**

v.

**SUBARU–ISUZU AUTOMOTIVE, INC., Defendant.**

No. 4:96cv0062 AS.

United States District Court,
N.D. Indiana,
Hammond Division at Lafayette.

Dec. 3, 1996.

Marshall R. Crawford, Crawford and Thayer, Lafayette, IN, for Plaintiff.

Wayne O. Adams, III, David D. Robinson, and Steven F. Pockrass, Johnson Smith Pence Densborn Wright and Heath, Indianapolis, IN, for Defendant.

*MEMORANDUM AND ORDER*

ALLEN SHARP, Chief Judge.

### I. Procedural History

This cause of action was removed to this Court on September 6, 1996 from the Tippecanoe Superior Court II Case number 79D02–9608–CP–110 pursuant to 28 U.S.C. §§ 1332 and 1441. On September 13, 1996 the plaintiff, Donald A. Bassett, Jr. ("Bassett") filed objections to the defendant's, Subaru–Isuzu Automotive, Inc. ("SIA") notice of removal. SIA filed a response to the objections on September 23, 1996. On September 24, 1996, Bassett filed a reply. This Court held a pretrial conference on October 7, 1996, whereby this action was stayed until June 30, 1997 at which time counsel is to advise of the status of the EEOC case. On October 15, 1996, Bassett filed a motion for relief from this order, or in the alternative, a motion to dismiss count I of his complaint, and to thereby remand the case to state court. SIA filed objections on October 23, 1996. On October 24, 1996, Bassett filed a reply. This Court is now ready to rule on the aforementioned motions.

### II. Facts

Bassett filed an objection to the removal of this action to this Court claiming that the complaint originally filed in the Tippecanoe County Superior Court II asserted state claims only. Bassett has filed charges with the EEOC, which are still pending, asserting a violation of the Americans with Disabilities Act ("ADA"). A right to sue letter has not been issued thus far. Bassett claims that this Court does not have jurisdiction over this cause of action because of the pending nature of the ADA claim with the EEOC. Alternatively, Bassett seeks to dismiss count I of his complaint, and remand the action back to the state court.

### III. Discussion and Analysis

#### A. Motion for relief from October 7, 1996 order

The complaint originally filed in Tippecanoe Superior Court II stated count I as a wrongful termination/retaliatory discharge.

1. Plaintiff was employed by Defendant (being a loyal and competent employee at all times), having been so employed since December, 1989 (working as a production worker involved in metal finish repair at Defendant's automotive assembly plant) and continuing such employment until he was involuntarily terminated by Defendant on or about March 8, 1996.

2. Plaintiff was on medical leave and had requested reasonable accommodation for his disability, but Defendant refused such even though Plaintiff was exercising a statutory conferred right (under the American[s] With Disabilities Act), retaliation as against Plaintiff by terminating him; such termination being an intentional act designed to prevent and/or punish Plaintiff for exercising his right in an unfettered fashion without being subject to reprisal, and Defendant's acts were done with malice, ill-will, and entitles Plaintiff to recover

both compensatory and punitive damages....

(Plaintiff's complaint, p. 1).

*Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) can be used to determine the jurisdiction of this Court. The Supreme Court dealt with the issue of pendent jurisdiction in remanding a case back to state court which had been previously removed. In determining this issue the Court discussed the modern doctrine of pendent jurisdiction as set forth by the decision in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

> A federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'

*Carnegie–Mellon*, 484 U.S. at 349, 108 S.Ct. at 618, *citing, Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138. "According to *Gibbs*, 'considerations of judicial economy, convenience and fairness to litigants' support a wide-ranging power in the federal courts to decide state-law claims in cases that also present federal questions." *Carnegie–Mellon*, 484 U.S. at 349, 108 S.Ct. at 618, *citing, Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. Additionally, *Carnegie–Mellon* continued to quote *Gibbs* stating:

> a federal court's determination of state-law claims could conflict with the principle of comity to the States and with the promotion of justice between the litigating parties. For this reason, *Gibbs* emphasized that 'pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.' *Ibid.* Under *Gibbs*, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.

*Carnegie–Mellon*, 484 U.S. at 350, 108 S.Ct. at 619.

The defendant involved in this action alludes to forum manipulation. Concerns of forum manipulation were also discussed in *Carnegie–Mellon.*

> A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case. The district courts thus can guard against forum manipulation without a blanket rule that would prohibit the remand of all cases involving pendent state-law claims.

*Id.*

■ Bassett claims that this Court does not have jurisdiction over the present case. Bassett states that he is not asserting a federal claim, or even if there were a federal claim it is not properly before this Court. The claim is currently filed with the EEOC, but a right to sue letter has not been issued. The administrative remedy has not been exhausted; however, this Court has stayed the action until June, 1997.

The pre-trial conference held on October 7, 1996, determined that plaintiff's complaint did assert a federal claim. The complaint specifically states the "Americans with Disabilities Act" in the description of the alleged violation. The question remains whether this Court has jurisdiction over the current action even though plaintiff has not received a right to sue letter concerning this aspect of the complaint.

In a lengthy footnote in *Prince v. Rescorp Realty*, 940 F.2d 1104 (7th Cir.1991), Judge Ripple discussed a situation closely paralleled to the current action.

> 'Federal Courts base decisions about subject matter jurisdiction after removal on the plaintiff's complaint as it existed at the time that the defendant filed the removal petition.' *Kidd v. Southwest Airlines, Co.,* 891 F.2d 540, 546 (5th Cir.1990); *see Price v. Highland Community Bank,* 722 F.Supp. 454, 456 (N.D.Ill.1989) (Posner, J., sitting by designation) (Plaintiff's dropping the sole federal claim in removed case 'did

not affect federal jurisdiction, which with immaterial exceptions depends on the facts and claims when the suit is removed, rather than on subsequent developments'). Indeed, in *Hammond v. Terminal Railroad Association*, 848 F.2d 95 (7th Cir.1988), we observed:

> The defendant's right to remove a case from state to federal court depends on the complaint filed by the plaintiff in state court. If that complaint states a claim that is removable ... removal is not defeated by the fact that, after the case is removed, the plaintiff files a new complaint, deleting the federal claim or stating a claim that is not removable.

*Id.* at 97.

*Prince,* 940 F.2d at 1104–05 n. 2.

In a case determining whether a contractual six-month limitation of actions were valid under Illinois law, the Seventh Circuit stated that "[the plaintiff] could have filed suit and asked the court for a stay pending the outcome of his EEOC charge." *Taylor v. Western and Southern Life Ins. Co.,* 966 F.2d 1188, 1206 (7th Cir.1992).

Further justification explaining the adequacy of this Court's jurisdiction over the current action is discussed in *Woods v. Dunlop Tire Corp,* 972 F.2d 36, 40 (1992). The Second Circuit found that a plaintiff may lose an opportunity to file a claim while waiting for a right to sue letter from the EEOC. The Court quoted the Supreme Court concerning this very issue. Finding that the statute of limitations for the section 1981 claim had run, the Supreme Court reasoned: "the [claim] could have been asserted by the plaintiff any time during the pendency of the EEOC proceedings." *Woods,* 972 F.2d at 40, *quoting, Johnson v. Railway Express Agency,* 421 U.S. 454, 465–66, 95 S.Ct. 1716, 1722–23, 44 L.Ed.2d 295 (1975). *"[T]he plaintiff could have filed the section 1981 action and then requested a stay of the action pending the outcome of the EEOC administrative proceeding."* *Woods,* 972 F.2d at 40, *citing, Johnson,* 421 U.S. at 465–66, 95 S.Ct. at 1722–23 (emphasis added). This illustration denotes the allowance of a federal claim, which is pending before the EEOC, as a

proper exercise of a federal court's jurisdiction.

Res Judicata could also bar an action if a plaintiff would fail to assert a claim while waiting to exhaust the administrative remedies. The *Woods* decision cited *Miller v. United States Postal Serv.,* 825 F.2d 62 (5th Cir.1987) in discussing a claim under the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, 794a. The Fifth Circuit reasoned: "the claim should have been raised and resolved in [the plaintiff's] earlier Title VII lawsuit because both claims centered around termination of plaintiff's employment." *Woods,* 972 F.2d at 40, *citing, Miller,* 825 F.2d at 64. The court further stated: "apparently, at the time of the Title VII suit, [the plaintiff] had not exhausted his administrative remedies with respect to the handicap discrimination claim so he did not assert that claim in the Title VII suit." *Id.* The Second Circuit in *Woods* concluded:

> [w]e are of the firm opinion that a district court faced with a stay request in this type of situation—where a Title VII plaintiff is seeking to defer further proceedings in non-Title VII causes of action while pursuing Title VII administrative remedies—should grant the stay absent a compelling reason to the contrary. The aforementioned decisions allow for a plaintiff to assert a claim while waiting for a right to sue letter or other such exhaustion of administrative review.

*Woods,* 972 F.2d at 41.

The aforementioned case law suggests that Bassett did properly file the federal claim concerning the Americans with Disabilities Act, even though he has yet to receive the right to sue letter from the EEOC. For if he did not, he might have exceeded the statute of limitations period or he might subsequently be barred by *res judicata.* Therefore, the claims in the complaint were appropriate. Additionally, this case was properly removed to this Court. Bassett did assert a federal claim in his complaint, therefore, the action was subject to removal. This Court has properly stayed the action until the EEOC makes its determination concerning the ADA claim. Consequently,

the motion for relief from the October 7, 1996 order is **DENIED**.

**B. Motion to voluntarily dismiss count I, and remand action to state court**

 Since the case was properly removed to this Court, Bassett alternatively seeks to dismiss count I of his complaint, and then to remand the action back to the state court.

> When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation [by the] plaintiff ... cannot be condoned.

*Austwick v. Board of Education,* 555 F.Supp. 840, 842 (N.D.Ill.1983).

> This rule is usually invoked when, after removal by a defendant, the plaintiff *voluntarily* amends his complaint to eliminate the federal claim upon which removal was based. *See Boelens v. Redman Homes,* 759 F.2d 504, 507 (5th Cir.1985). However, we believe that a pragmatic approach to jurisdiction, *cf. Newman–Green v. Alfonzo–Larrain,* 490 U.S. 826, 837, 109 S.Ct. 2218, 2225–26, 104 L.Ed.2d 893 (1989), requires the same result here. The federal count was dismissed for failure to exhaust remedies, and the plaintiff, at that point, apparently abandoned the federal claim and elected to proceed with the state claim. Consequently, the same concerns of judicial economy and tactical manipulation are present here.

*Prince,* 940 F.2d at 1105–06.

Bassett's motion to voluntarily dismiss count I of his complaint is **DENIED**. Even if this Court were to grant this motion and remand the case back to state court, it is probable that upon the EEOC making its determination of the ADA claim, SIA would again remove the action to this Court. This would expend judicial resources unnecessarily.

**IV. Conclusion**

In conclusion, Bassett's motion for relief from the October 7, 1996 order is **DENIED**. Additionally, Bassett's motion to voluntarily dismiss count I of his complaint is also **DENIED. IT IS SO ORDERED.**