Andrew Leo LOPEZ, individually and
D/B/A Andrew Leo Lopez, CPA,
Plaintiffs,

v.

Michelle GARCIA, individually, F/D/B/A
Waves Hair Studio, Director, Stockhold-
er and Employee of Waves, Incorporat-
ed, Waves, Inc., a New Mexico Corpora-
tion, Cheri L. Ortega, Jane Doe, Edward
Shepherd, P.A., E. Maine Shafer, Jr.,
Daniel Carr, John Stewart, and State
Farm Fire and Casualty Company, De-
fendants.

No. CIV 96–1679 JP/WWD.

United States District Court,
D. New Mexico.

June 27, 1997.

Andrew Leo Lopez, Albuquerque, NM, pro
se.

E.W. Shepherd, Richard M. Padilla, Hatch,
Allen & Shepherd, Albuquerque, NM, Randal
W. Roberts, Daniel W. Lewis, Simone, Rob-
erts & Weiss, Albuquerque, NM, Terry R.
Guebert, RaMona G. Bootes, Guebert & Yeo-
mans, Albuquerque, NM, for Michelle Garcia,
Waves Inc., Cheri L. Ortega, Jane Doe, Ed-
ward W. Shepherd, Hatch, Allen & Shep-
herd, E. Maine Shafer, Daniel Carr, John
Stewart and State Farm Fire & Cas. Co.

## ORDER

PARKER, District Judge.

The subjects of this Order are: (1) the
motion to dismiss filed on January 23, 1997
by defendants Michelle Garcia, individually,
f/d/b/a Waves Hair Studio, director, stock-
holder and employee of Waves, Incorporated,
Waves, Inc., a New Mexico corporation (col-

lectively, the "Waves Defendants"); (2) the motion to dismiss, or in the alternative, for summary judgment (Doc. No. 10) filed on January 15, 1997 by defendants State Farm Fire and Casualty Company, Daniel Carr, and John Stewart (collectively, the "State Farm Defendants"); (3) the motion to dismiss (Doc. No. 5) filed January 2, 1997 by defendants Cheri L. Ortega, Jane Doe, Edward W. Shepherd, and Hatch, Allen & Shepherd, P.A. (collectively, the "Hatch Defendants"); (4) the motion for summary judgment or other relief (Doc. No. 34) filed March 20, 1997 by plaintiff Andrew Leo Lopez and the Waves Defendants' cross-motion for summary judgment and sanctions related to Mr. Lopez' motion; and (5) the motions for leave to file surreplies to each of defendants' various replies (Doc. Nos.14, 17, 21) filed on January 24, February 6, 1997, and February 19, 1997.

On June 12, 1997, I held a lengthy hearing on the motions. Andrew Leo Lopez appeared *pro se;*[1] Randall Roberts appeared on behalf of the Waves Defendants'; RaMona Bootes appeared on behalf of the State Farm Defendants; Daniel Lewis and Mike Roberts appeared on behalf of the Hatch Defendants. Defendant E. Maine Shafer, Jr. was not present nor was he represented at the hearing because he has not be served with the complaint.

At the hearing I:(1) granted the Waves Defendants' motion to dismiss; (2) granted the State Farm Defendants' motion to dismiss; (3) granted the Hatch Defendants' motion to dismiss; (4) denied Mr. Lopez' motion for summary judgment or other relief; (5) denied the Waves Defendants' cross-motion for summary judgment and sanctions; and (6) took Mr. Lopez' motions for leave to file various surreplies under advisement. I now conclude that those motions should be denied.

### The Waves Defendants' Motion to Dismiss

I granted Michelle Garcia's motion based on res judicata. I found that counts I, II, VI, VII, and VIII had already been litigated and decided in an action brought by Mr. Lopez against Ms. Garcia in New Mexico

state court. The only counts that were not alleged in the state court proceeding were the racketeering count (count III) and the abuse of process count (count V). Mr. Lopez could have asserted these two claims in his state court action. Res judicata or "[c]laim preclusion does not depend upon whether the claims arising out of the same transaction were actually asserted in the original action, as long as they could have been asserted." *Ford v. New Mexico Dept. of Public Safety,* 119 N.M. 405, 414, 891 P.2d 546 (Ct.App. 1994) (citing *Kale v. Combined Ins. Co. of America,* 924 F.2d 1161, 1164 (1st Cir.), *cert. denied,* 502 U.S. 816, 112 S.Ct. 69, 116 L.Ed.2d 44 (1991)). *See also Miller v. United States Postal Serv.,* 825 F.2d 62, 64 (5th Cir.1987) ("res judicata bars all claims that were or could have been advanced in support of the cause of action, not only those that were actually adjudicated."). Furthermore, Mr. Lopez failed to plead essential elements of the racketeering claim asserted against Ms. Garcia, including a predicate racketeering act, a pattern of racketeering activity, and injury to Mr. Lopez' business or property. Therefore, I concluded that the claims asserted against Ms. Garcia should be dismissed with prejudice.

I dismissed the action against the other Waves Defendants because Mr. Lopez failed to state a claim against them. Mr. Lopez acknowledged this fact at the hearing, stating that he named the other Waves Defendants as a prophylactic measure and that he did not assert any claims against those defendants.

### The State Farm Defendants' Motion to Dismiss or for Summary Judgment

The only claim brought against the State Farm Defendants was for alleged racketeering. Mr. Lopez confirmed this at the hearing. I granted the State Farm Defendants motion to dismiss because I concluded that Mr. Lopez had failed to allege certain essential elements of that claim, namely commission of predicate acts, a pattern of racketeering activity, and injury to Mr. Lopez' business or property.

---

1. I note that it appears from the pleadings that, in addition to being a certified public accountant, Mr. Lopez has received his M.B.A. He also has appeared *pro se* in other lawsuits.

*The Hatch Defendants' Motion to Dismiss*

Mr. Lopez alleged three counts against the Hatch Defendants. I concluded that the racketeering count should be dismissed because Mr. Lopez failed to plead the requisite elements of commission of predicate acts, a pattern of racketeering activity, and injury to Mr. Lopez' business or property.

█ I dismissed Mr. Lopez' extortion claim because I concluded that while extortion is a crime, there is no authority for the proposition that there is a private cause of action for the "tort" of extortion.

█ I concluded that Mr. Lopez' claim for prima facie tort should be dismissed because he failed to allege that the defendants acted lawfully or that he was injured, allegations necessary to sustain a prima facie tort claim. Furthermore, New Mexico caselaw makes it clear that prima facie tort may not be used to get around more stringent pleading requirements of typical causes of action. *See, e.g., Andrews v. Stallings,* 119 N.M. 478, 493–94, 892 P.2d 611 (Ct.App.1995) (Black, J.).

*Mr. Lopez' Motion for Summary Judgment or Other Relief and the Waves Defendants' Cross–Motion for Summary Judgment and Sanctions*

█ At the hearing, I concluded that both Mr. Lopez' motion and the Waves Defendants' cross-motion should be denied because I lacked jurisdiction. In sum, costs were awarded in favor of Ms. Garcia and against Mr. Lopez. Mr. Lopez appealed the award of costs and the New Mexico Court of Appeals affirmed. The New Mexico Supreme Court denied certiorari. In his federal action, Mr. Lopez sought collateral review of the award of costs. I am without jurisdiction to decide that claim. *See D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) (district courts lack jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme] Court."). *See also* 28 U.S.C. § 1257. There-

fore, I denied Mr. Lopez' motion and the Waves Defendants' cross-motion and dismissed Count IX of Mr. Lopez' complaint.

Although I concluded that this was an appropriate case in which to award costs against the plaintiff, I decided not to do so because the defendants had not complied with the notice requirements of Fed.R.Civ.P. 11.

*Mr. Lopez' Motions for Leave to File Surreplies*

█ Mr. Lopez seeks leave to file a surreply to each motion brought by the various defendants. I will deny Mr. Lopez' motions because each reply filed by the defendants contained no new information to which Mr. Lopez needed the opportunity to file a surreply. In addition, Mr. Lopez was given ample opportunity at the hearing to present his position on each of the motions. The surreplies would be nothing more than surplusage.

IT IS THEREFORE ORDERED that:

1. The Waves Defendants' motion to dismiss is GRANTED and the complaint against them is dismissed with prejudice;

2. The State Farm Defendants' motion to dismiss is GRANTED and the complaint against them is dismissed with prejudice;

3. The Hatch Defendants' motion to dismiss is GRANTED and the complaint against them is dismissed with prejudice;

4. Mr. Lopez' motion for summary judgment or other relief is DENIED;

5. Each of Mr. Lopez' motions for leave to file a surreply is DENIED;

6. The Waves Defendants' cross-motion for summary judgment and sanctions is DENIED;

7. Count IX of the complaint is DISMISSED without prejudice because I lack jurisdiction over that claim.