**Dorothy P. WOMACK, Plaintiff,**

v.

**AMERICAN TELEPHONE & TELEGRAPH COMPANY, INC., et al., Defendants.**

**Civil Action No. 95–C–1214–N.**

United States District Court, M.D. Alabama, Northern Division.

Nov. 10, 1997.

M. Wayne Sabel, Mark W. Sabel, Jr., Sabel & Sabel, P.C., Montgomery, AL, for Plaintiff.

William K. thomas, William A. Robinson, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

CARROLL, United States Magistrate Judge.

This matter is before the court for consideration of defendant's motion for summary judgment filed September 9, 1996. The parties filed extensive briefs and supporting materials on the motion and the court heard oral argument on August 1, 1997. The motion was set for submission on August 27, 1997. For the reasons stated below, the court finds that defendant's motion for summary judgment is due to be granted.

### Factual Background

Plaintiff, Dorothy Womack, an African–American female, began her employment with American Telephone and Telegraph Company ("AT & T") in 1973,[1] and was a

---

1. At that time, AT & T was known as South   Central Bell.

member of Communications Workers of America, AFL–CIO, Local 3902. In October, 1984, plaintiff became a Marketing Support Specialist ("MSS") assigned to general business systems. In 1987, plaintiff was transferred to the network operations group services dealing with large business systems installations in south Alabama.

In 1989, as a result of negotiations between AT & T and CWA, the MSS job in network operations groups would become known as Systems Implementation Coordinator ("SIC"). The job title changes were to occur not later than December 31, 1989. AT & T maintains that plaintiff's job title was changed in July, 1989, in accordance with the collective bargaining agreement. Plaintiff contends that she was not advised of the change of title or its affects on her rights under the collective bargaining in accordance with the notice provision of the agreement.

In August 1990, AT & T informed its senior management that there would be a nationwide reduction in force that would affect SICs. It was determined that two SIC positions in Alabama would be eliminated. In October, 1990, plaintiff and another SIC, Tommy Challendar, a white male, were advised that they were declared "surplus." AT & T maintains that plaintiff and Challendar were deemed surplus because they had lesser seniority than the other two SICs in the group, Mitchell Douglas and Jerry Jones, white males. According to AT & T, Challendar exercised his seniority rights to bump into another SIC in Atlanta, Georgia. AT & T maintains that plaintiff also could have bumped into a SIC position in locations in Atlanta as well as in Florida and North Carolina, but she declined to participate in the process. Plaintiff says that she declined to participate in the bumping process as a SIC but sought a transfer as a MSS because she believed that was her proper title and classification. Plaintiff's employment with AT & T was terminated pursuant to the reduction in force program, effective December 31, 1990.

### Procedural Background

The pending action is plaintiff's second lawsuit against AT & T related to her termination. The first complaint was filed on April 15, 1991, against AT & T and CWA national and local chapter, alleging that the

decision to "surplus" her and to decline her the opportunity to "bump" into another position breached the governing collective bargaining agreements. Plaintiff also alleged a cause of action against the Union for breach of its duty to provide her fair representation. The complaint was later dismissed with prejudice upon consideration of the parties' joint stipulation for dismissal. *See Womack v. AT & T,* Civil Action No. 91–A–407–N (M.D. Ala. Order filed January 27, 1992).

On September 15, 1995, plaintiff filed complaint *sub judice* against AT & T and her former supervisors, James Moody, Charles Swift and Don Knoack, and several fictitious defendants, challenging the termination of her employment and other related employment practices. Plaintiff alleges that she was subjected to race and gender discrimination in violation of 42 U.S.C. § 2000e *et seq.,* commonly known as Title VII, and 42 U.S.C. §§ 1981, 1985 and 1986, each provisions of the Civil Rights Act of 1964, as amended. The complaint also includes a state law claim for negligent supervision.

### Discussion

AT & T argues that it is entitled to summary judgment because plaintiff did not exhaust the administrative remedies for her federal claims; plaintiff claims are barred based on the doctrine of res judicata and under the applicable statute of limitations; and, plaintiff fails to state a claim upon which relief can be granted. Plaintiff contends that the principle of res judicata is not applicable to this action, and if it is, AT & T should be precluded from asserting that defense because it fraudulently concealed information that would have informed plaintiff that the causes of action she alleges in the current complaint were available in her first action. Plaintiff argues further that this fraudulent concealment also excuses any failure to file her claims within the applicable limitations period. Since each claim in plaintiff's complaint would be precluded if the doctrine of res judicata is applicable, the court addresses that issue first.

The doctrine of res judicata precludes parties or those in privity to them from relitigating issues that were or could have been raised in a prior action. *Montana*

*v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Res judicata operates to bar a subsequent action if the following elements are present: (1) the prior action resulted in "a final judgment on the merits of an action;" (2) the judgment was entered by a court of competent jurisdiction; (3) the parties or those in privity with them are identical in both suits; and (4) the same cause of action is involved in both suits. *NAACP v. Hunt,* 891 F.2d 1555, 1560 (11th Cir.1990).

■ There is no real dispute that the first three elements are present in this action. The court that dismissed plaintiff's first action was a court of competent jurisdiction and the order of dismissal with prejudice is a final judgment on the merits. *See Citibank, N.A. v. Data Lease Financial Corp.,* 904 F.2d 1498, 1501–1502 (11th Cir.1990)(A stipulation of dismissal with prejudice, at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action.). *Accord Hunt v. Hawthorne Assoc.,* 119 F.3d 888, 911 n. 63 (11th Cir.1997). Initially, plaintiff argued that the parties are not substantially similar because the first action was brought under the Labor Management Relations Act and required proof that AT & T and CWA both engaged in wrongful conduct. Plaintiff's Brief In Opposition To Defendants' Motion For Summary Judgment, filed October 7, 1996, at 36. This argument is not relevant to the determination whether the subsequent action involves the same parties and those in privity to the them. Plaintiff and AT & T were parties in the first action. They continue to be parties in the pending action. The additional defendants, Moody, Swift and Knoack, as agents of AT & T, which is one of the capacities in which they are sued, certainly are in privity with AT & T and entitled to assert res judicata on their own behalf.

■ Finally, plaintiff argues that the doctrine of res judicata is not applicable because the pending action does not involve the same causes of action since the prior complaint alleged a "tandem wrongful act committed by AT & T and CWA together," and the pending complaint alleges culpable conduct by AT & T alone. Plaintiff's Brief In Opposition To Defendants' Motion For Summary Judgment, filed October 7, 1996, at 37.

■ In this circuit, the "primary right" test is used to determine whether the causes of action in two proceedings are sufficiently the same to warrant application of the res judicata doctrine. *Manning v. City of Auburn,* 953 F.2d 1355, 1359 (11th Cir.1992); *S.E.L. Maduro (Florida), Inc. v. M/V Antonio de Gastaneta,* 833 F.2d 1477, 1482 (11th Cir.1987). Under the "primary right" test, causes of action are deemed the same if the primary right or duty that is asserted is the same in each cause of action. *Id.; Hunt,* 891 F.2d at 1561. Therefore, res judicata bars "not only the precise legal theory presented in the previous litigation, but . . . all legal theories and claims arising out of the same 'operative nucleus of fact.'" *Olmstead v. Amoco Oil Co.,* 725 F.2d 627, 632 (11th Cir. 1984). This circuit also counsels that the scope of the primary right or duty asserted should not be narrowly interpreted. *Id.* Accordingly, the court's focus when determining whether actions are the same should not be legal theories asserted in each action but on the fundamental right the plaintiff seeks to protect in each action. *See, e.g., Hunt,* 891 F.2d at 1561 (Although second action alleging violations that were not stated in first action and sought a different remedy, the actions were the same since the wrong complained of in both actions was the flying of the confederate flag atop the state capitol.)

In the first action, plaintiff alleged that she was wrongfully terminated in violation of the governing collecting bargaining agreement. In the pending action, plaintiff alleges that she was wrongfully terminated because of her race and gender. The primary right that plaintiff asserts in both actions is the right to continued employment. This is further illustrated by plaintiff's requests for relief in both actions, that she be reinstated to the position that she would have held if she had not been wrongfully terminated. *Compare Womack v. AT & T,* Civil Action No. 91–A–407–N (M.D.Ala.) complaint at 8 ¶ 1, *with Womack v. AT & T,* Civil Action No. 95–C–1214–N (M.D.Ala.) complaint at 14 ¶ (c). Additionally, both actions arise out of the same "operative nucleus of fact" in that plaintiff is chal-

lenging her job classification. In the first action plaintiff alleged that her classification was changed in violation of the notice provision of the collective bargaining agreement. Now, plaintiff argues that she was reclassified because her supervisors knew that a reduction in force was contemplated and that the positions for white males would be protected in the SIC classification. Since either legal theory involves substantially the same facts and is asserted to support plaintiff's fundamental right to continued employment, the court finds that the same claims are involved in both actions. *See Ray v. Tennessee Valley Auth.*, 677 F.2d 818, 822 (11th Cir.1982). *See also Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337 (7th Cir. 1995); *Woods v. Dunlop Tire Corp.*, 972 F.2d 36 (2d Cir.1992); *Miller v. United States Postal Serv.*, 825 F.2d 62 (5th Cir.1987). Therefore, because the elements for res judicata are present, absent a showing a sufficient and compelling circumstances that outweigh the "salutary principle of res judicata," plaintiff is barred from litigating the pending action. *See generally, Heiser v. Woodruff*, 327 U.S. 726, 733, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1946).

■ Alternatively, plaintiff argues that if the court finds that requirements for res judicata are satisfied, AT & T should be precluded from relying on that defense because it engaged in fraudulent conduct that concealed facts which would have made plaintiff aware that the claims she asserts in the pending action were available to her at the time of her first action. Specifically, plaintiff contends that in her first action AT & T represented that she, Jones and Douglas were all SICs in 1989. However, in response to a complaint by another employee, Pauline Stewart, in 1993, AT & T provided documents that indicate that plaintiff did not become a SIC until September, 1990, and that Douglas and Jones did not become SICs until December, 1990. Plaintiff further contends that in this action AT & T has produced documents which contradict the prior repre-

sentations. Thus, plaintiff argues, given the variations in AT & T's representations about plaintiff's job title and when it became effective, as well its representations about Douglas's and Jones's title, she could not have known the claims that she asserts in the pending action were available to her at the time of her first complaint, and AT & T should not be permitted to benefit from its deceptive practice.

■ As is expected, AT & T vehemently denies that it misled plaintiff or made any misrepresentations about her title or the titles of Douglas and Jones. The court recognizes that each parties's production of documents which indicate a different effective date for plaintiff's SIC title,[2] ordinarily, would preclude summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). However, the determination of when plaintiff's title became SIC or which document is controlling is not relevant to the issue the court must resolve. To determine whether AT & T should be precluded from relying the doctrine of res judicata to bar the pending action, the issue the court must resolve is whether AT & T actively concealed or falsified records, or made fraudulent representations or misrepresentations that caused plaintiff to fail to include the claims she is pursuing in the current complaint in her prior action. *See, e.g., Livingston v. ITT Consumer Fin. Corp.*, 795 F.Supp. 921, 924 (D.Minn.1992). A showing of such cozenage is necessary given the Supreme Court's edict that the doctrine of res judicata is "a rule of fundamental and substantial justice," which is to be applied rigorously and cannot be compromised merely for "equitable" considerations. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 401, 101 S.Ct. 2424, 2429, 69 L.Ed.2d 103 (1981).

Plaintiff has not introduced any evidence which indicates that at the time of her first complaint AT & T made any false or fraudulent representations or otherwise concealed

---

**2.** The employee profile for plaintiff dated June 25, 1991, indicates that her SIC salary grade became effective October 1, 1989 and that her SIC job title code became effective September 2, 1990. See Evidentiary Submission in Opposition to Motion for Summary Judgment, Exhibit 16.

AT & T, however, produced a employee history summary dated May 3, 1991, which indicates that plaintiff's SIC title became effective July 9, 1989. See Supplemental Submission of Defendant AT & T Corp. in Support of Its Motion for Summary Judgment, Exhibit A.

information which would have informed her of the claims that she now asserts. What the court finds most detrimental to plaintiff's contention that AT & T falsified documents is that plaintiff has not shown that AT & T misled her or suppressed or misrepresented records related to her title change at any time prior to or during the first action, or in the course of her employment. In fact, plaintiff admits that during the course of her employment she was referred to as a SIC but she dismissed that reference and corrected documents identifying her as a SIC to indicate her title as MSS. Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, filed October 7, 1996, at 4. Also, to the extent that plaintiff bases her race discrimination claim on statements that were made to her or assignments she received, that information certainly was known to her at the time of her first action. Finally, plaintiff's contention that she could not have know that defendants misled her about when she and the white males in her group became SICs until 1993 when AT & T provided documents to the EEOC concerning this issue is not credulous. A rudimentary discovery request could have uncovered the same information in plaintiff's first action. In fact, among the discovery demands in the first action was a request that CWA identify any member of Local 3902 that held the MSS position at any time since March 23, 1989 and to produce documents related to this request. *Womack v. AT & T,* Civil Action No. 91–A–407–N, Plaintiff's First Interrogatories and First Request for Production To Defendant Communications Workers of America, AFL–CIO, Local Union No. 3902. The question of whether AT & T misled plaintiff or fraudulently concealed information that would have made plaintiff aware of the claims that she asserts in the pending action would have a very different posture if AT & T or CWA provided discovery responses in the first action, particularly, the personnel profiles that were provided in the 1993 EEOC investigation of Stewart's complaint, that led plaintiff to believe such claims were frivolous or unfounded.

Since plaintiff has made no showing that at the time that she commenced her first action AT & T actively concealed information from her, the court is not compelled to find that the application of the doctrine of res judicata in this action is tantamount to a grave injustice. Accordingly, the court finds that plaintiff's pending action is barred under the doctrine of res judicata.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the motion for summary judgment filed by defendants on September 9, 1996, be and is GRANTED and that this cause be DISMISSED with prejudice.